Argued and submitted July 28, 1986, conviction affirmed, sentence vacated and case remanded for resentencing March 25, reconsideration denied June 12, petition for review denied June 30, 1987 (303 Or 590)

# STATE OF OREGON,
*Respondent,*

*v.*

# STEVEN JEFFREY MITCHELL,
*Appellant.*

## (10-85-01355; CA A37813)

734 P2d 379

Lawrence J. Hall, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for assault in the second degree. ORS 163.175. He contends that the court erred in allowing the state to impeach two of its own witnesses and in not granting a mistrial because of impermissible argument to the jury by the prosecutor. He also contends that he was entitled to a jury determination of facts that the court used to impose an enhanced sentence under ORS 161.725.

We conclude that the court did not err in permitting the state to impeach its witnesses or in denying defendant's motion for mistrial. We address only the claim regarding sentencing.

Defendant was charged with a Class B felony, assault in the second degree, under ORS 163.175:

"(1)   A person commits the crime of assault in the second degree if the person:

"* * * * *

"(b)   Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon * * *

"* * * * *."

The indictment charged that the defendant did

"knowingly cause physical injury to Ross Carter by means of a chain, a dangerous weapon * * *."

The court sentenced him to 20-years imprisonment with a minimum term of 10 years under the Dangerous Offender Act. ORS 161.725. The court determined that he was subject to the act, because he met the criteria of ORS 161.725(2):

"The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

At the sentencing hearing, defendant requested a jury trial to determine if he was in fact a dangerous offender. The motion was denied. In particular, he contends that he is entitled to a jury determination as to whether the felony for which he is being sentenced "seriously endangered the life or safety of another." He contends that whether the felony he

committed fits that description is a factual predicate relating to the crime which triggers imposition of the enhanced penalty and is not related to his mental status. He argues that, under *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982), and *State v. Quinn,* 290 Or 383, 623 P2d 630 (1981), he is entitled to a jury determination of that fact.

The state counters that the focus of the dangerous offender statute is on the offender, not the crime, and specifically on whether he suffers from a severe personality disorder indicating a propensity toward criminal activity. The type of felony for which he is being sentenced, the state argues, is merely an initial step in evaluating the offender; it is not the ultimate issue on which the enhanced penalty is based. The state says "it is not materially different from any other 'factual' matter a trial court takes into consideration in any sentencing."

In *State v. Quinn, supra,* the Supreme Court struck down a statute that imposed the death penalty for homicide if the offender was found to have taken the victim's life "deliberately" and with "reasonable expectation of death." The statute, *former* ORS 163.116, placed responsibility on the trial judge, not the jury, to determine the mental state which would enhance the penalty from life imprisonment to execution. Because the offender's mental state could change the crime from murder to capital murder, the Supreme Court held that the defendant had a right to a jury determination of a factual element of the crime of capital murder under Article I, section 11, of the Oregon Constitution. The court stressed, however, that not all sentence enhancement statutes require a jury determination of the enhancing factors. The critical distinction between the capital punishment statute and other enhancement statutes, the court noted, is "found in the simple principle that the facts which constitute the crime are for the jury and those which characterize the defendant are for the sentencing court." 290 Or at 405.

This "simple principle" was developed further in *State v. Wedge, supra,* where the defendant was convicted of first degree robbery. He was sentenced to a minimum term of imprisonment under ORS 161.610, because the court found that he had used a gun in the commission of the crime. The Supreme Court held that the use or threatened use of a gun

during the commmission of the crime is a factual matter that describes the crime for which the defendant is being punished. The crime which subjects the defendant to an enhanced penalty is not simply robbery, but robbery while using or threatening the use of a gun. Therefore, the court reasoned, the fact of whether the defendant used a gun must be determined by the jury.

> "Although the challenged statute is denominated an enhanced penalty statute, in effect it creates a new crime. The jury only considered evidence offered on the question of first degree robbery, and convicted him of that offense, but the defendant was sentenced on the basis of having been found guilty of the crime of 'first degree robbery using a firearm.' If the legislature had actually described the crime as 'first degree robbery using a firearm' the use of a firearm would certainly be an element and there would be no doubt defendant would have a right to a jury determination of guilt. The legislature cannot eliminate constitutional protections by separating and relabeling elements of a crime." 293 Or at 608.

■       The initial predicate for the court to invoke the dangerous offender statute and proceed to determine if a defendant is in fact a dangerous offender is the type of crime for which the defendant is being sentenced. It must be either a Class A felony or any lesser felony "that seriously endangered the life or safety of another." ORS 161.725(2). The sentencing court can determine as a matter of law whether the crime for which the defendant has been convicted is a felony and whether it is a Class A or a lesser felony. However, it cannot determine as a matter of law whether the felonious act seriously endangered another.

The jury, in reaching the verdict in this case, did not necessarily find that the crime seriously endangered the life or safety of another. Defendant could have been guilty of assault in the second degree without seriously endangering anyone. In *State v. Allen,* 68 Or App 5, 680 P2d 997, *rev den* 297 Or 547 (1984), we said that the focus of this provision

> "is on the circumstances surrounding the commission of the felony, not on its statutory definition. Under the statute, [ORS 161.725(2)] the proper inquiry is whether, intended or not, someone's life or safety was *in fact* endangered." 68 Or App at 9. (Emphasis in original.)

*See also Commentary to Oregon Criminal Code* § 85 (1971). Conviction of a felony does not answer the inquiry necessary to invoke the Dangerous Offender Act. The phrase "seriously endangered the life or safety of another" is not an element of this felony. The critical fact must be determined aside from finding the elements of the crime.

■ The state's argument that the relevant inquiry is no different from other facts which a court must find in sentencing an offender proves too much. The critical fact does not relate to the offender's status or character, which the court is privileged to find, but relates particularly to the crime for which the offender is being sentenced. It is essentially an element of the offense which will subject the defendant to an enhanced penalty. That factual inquiry is not materially different from the necessary factual inquiry of ORS 161.610 discussed in *State v. Wedge, supra.* There the court said that the defendant was being sentenced under the statute allowing an increased penalty, not because he was guilty of robbery, but because he was guilty of robbery while using a gun. In this case, defendant is subjected to the substantially enhanced penalty not because of his conviction for assault in the second degree, but because he was determined by the court to be guilty of a felony which seriously endangered the life or safety of another person. Just as in *Wedge,* that is an element of the crime for which defendant is receiving an enhanced penalty, and he is entitled under the constitution to a jury determination of that factual element.

The state argues that *Quinn* and *Wedge* are distinguishable. It contends that, in both, the factual determinations that the court held should be made by a jury were the ultimate factors which subjected the defendant in each case to the increased penalty. Under the dangerous offender statute, the state argues, the ultimate inquiry is whether the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity. ORS 161.725(2). It follows, the state appears to postulate, that whether defendant's actions seriously endangered the life or safety of another is not in the same category as the mental element in *Quinn* or the use of a gun in *Wedge.* In essence, the argument is that defendant is not receiving an enhanced penalty for seriously endangering the victim but for his personality disorder.

■     The state's argument misses a key point. The Dangerous Offender Act does not authorize an enhanced penalty for all persons convicted of Class B or Class C felonies, but only of felonies having the additional factual component that another person was in fact seriously endangered by the defendant. A defendant who is in fact suffering from a personality disorder, as described in the act, is not subject to the act if he is being sentenced for a misdemeanor or a lesser felony without the element of serious endangerment. Although that inquiry is much less significant than an assessment of the defendant's psychological profile, it is nevertheless a factual element of the crime for which the enhanced penalty is imposed and therefore a necessary predicate.

■     ORS 161.735 provides that the trial court, rather than the jury, determines if a defendant falls within the Dangerous Offender Act. That authorizes an enhanced penalty based in part on a determination of the existence of an element of the crime that the jury did not necessarily find and violates defendant's right to trial by jury under Article I, section 11. The statute is unconstitutional insofar as it makes the trial court the factfinder whether the crime seriously endangered the life or safety of another.

Conviction affirmed; sentence is vacated; and the case is remanded for resentencing.