Argued and submitted April 29, affirmed December 9, 1987, reconsideration denied January 29, petition for review denied February 23, 1988 (305 Or 273)

## STATE OF OREGON,
*Respondent,*

*v.*

## FLOYD WILLIAM FOLLETT,
*Appellant.*

(C86-03-31165, C86-03-31277 & C86-03-31278;
CA A41722 (Control), A41723 & A41724)
(Cases consolidated)

746 P2d 236

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. On the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for assault in the second degree and three convictions for robbery in the first degree. He contends that there was insufficient evidence to sustain one of the convictions for robbery, that there was insufficient evidence to justify his sentence as a dangerous offender under ORS 161.725 and that the sentences were excessive and constitute cruel and unusual punishment. We affirm.

Defendant was charged in one indictment (C86-03-31278) with attempted murder, assault in the first degree and robbery in the first degree, all arising out of the robbery of a convenience store during which the store clerk was shot in the head. He was also charged with two other robberies while armed with a gun in two additional indictments (C86-03-31165; C86-03-31277). The three indictments were consolidated for trial to the court, and defendant stipulated to receipt of the police reports in lieu of the state's calling witnesses. He interposed an insanity defense and, additionally, contended that the stipulated facts did not establish attempted murder or assault in the second degree in C86-03-31278 or robbery in the first degree in C86-03-31277. He was found not guilty of attempted murder and guilty of the lesser included offense of assault in the second degree and of robbery in the first degree. He was found guilty of the other two robberies in the same trial on the bases of stipulated facts.

The court found that defendant is a dangerous offender under ORS 161.725 and sentenced him to two terms of 30 years each on the assault charge and the related robbery charge. The terms were to be served concurrently but consecutively to the sentences imposed in the other two robbery cases.

In his first assignment of error, defendant makes two contentions. First, he argues that there was insufficient evidence to establish that he has a severe personality disorder. The trial court resolved the conflict in the experts' opinions regarding whether defendant suffered from a severe personality disorder. There was sufficient evidence to support that decision.

The second contention relates to our holding in *State*

*v. Mitchell,* 84 Or App 452, 734 P2d 379, *rev den* 303 Or 590 (1987). Defendant argues that, in order to find him a dangerous offender as to assault in the second degree, a class B felony, the factfinder must find that the assault "seriously endangered the life or safety of another." In *Mitchell,* we held that that determination must be made by the jury as part of the determination of the crime for which the defendant is being sentenced, if it is less than a class A felony. In this case, defendant waived a jury and the court, as trier of fact, made the determination of guilt. The court discussed in detail its reasons for finding defendant guilty of assault in the second degree and not guilty of attempted murder. During the sentencing phase of the proceeding, defendant raised only the issue of whether he was proven to have a personality disorder and was dangerous. He did not raise the issue whether the assault seriously endangered the life or safety of the store clerk who was assaulted.

■■■■ In *Mitchell,* our holding that the character of the felony was a jury question was based on the fact that the issue of the defendant's guilt was tried to a jury. We did not hold that *only* a jury may determine that element of the dangerous offender construct. When a defendant waives a trial by jury, the court becomes the factfinder and may make the determination whether the underlying felony seriously endangered the victim. There is no necessity that the judge make a discrete finding at the close of the factfinding stage of the trial regarding whether the underlying felony qualifies for enhanced sentencing under ORS 161.725. In the process of making the determination required by the dangerous offender statute, the court may utilize evidence presented at the factfinding portion of the trial. There is no prejudice to the defendant if the court waits until the sentencing phase in order to make the required finding. The only issue, then, is whether there was sufficient evidence to support the determination. In this case, the court found that defendant, during the course of the robbery, recklessly pointed a loaded gun at the store clerk and that the gun discharged accidentally. The evidence overwhelmingly supports a conclusion that the assault seriously endangered the life and safety of the clerk whom he shot in the head. Although the clerk lived, 45 stitches were required to close the wound. The court did not err in finding that defendant is a dangerous offender.

■     In the second assignment, defendant contends that there was insufficient evidence to support his conviction of robbery in the first degree in one of the other cases. We find no merit to that contention. Neither do we find merit in his final assignment of error that the sentences imposed are excessive or cruel and unusual in violation of Article I, sections 15 and 16, of the Oregon Constitution.

Affirmed.