**UNITED STATES of America, Appellee,**

v.

**Leo PLENTY ARROWS, Jr., Appellant.**

**No. 90-5494.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided Sept. 25, 1991.

Donald A. Porter, Rapid City, S.D., for appellant.

Robert A. Mandel, Rapid City, S.D., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Leo Plenty Arrows, Jr., appeals from his conviction of aggravated sexual abuse in violation of 18 U.S.C. § 1153 and § 2241(c) (1988). On appeal, he argues that the evidence was insufficient to support the conviction and that the district court erred in admitting the testimony of a mental health therapist who stated that the victim exhibited behavior similar to that shown by sexually abused children. We reverse the conviction for aggravated sexual abuse, but as the evidence was sufficient to support conviction on the lesser included offense of abusive sexual contact, we reverse and remand for entry of judgment and resentencing on the lesser included offense.

Plenty Arrows, a member of the Ogalala Sioux Tribe, was charged with sexually abusing the nine year-old son of his common-law wife. The alleged acts occurred on Indian land in South Dakota during the Christmas vacation period of 1988. The victim, who resided at the Pierre Indian Learning Center in Pierre, South Dakota,

was visiting his mother at the home she shared with Plenty Arrows.

The victim initially revealed the abuse to a child protection worker, Ellen Kalinay, while he was staying at the Pierre school. The victim told Kalinay that Plenty Arrows, whom he called "Junior," had touched him in a way that he did not like. At trial, the victim testified that while his pants were off, Junior touched him "from my back of my behind" and that Junior had done this "with his private part." The victim then explained that the words "private part" referred to Junior's penis. The victim also responded with "yes" when asked if Junior had ever put his penis in the victim's mouth, but he did not say when this had happened. When asked if it happened during the same Christmas vacation as the other incident, he replied: "I don't know."

The defendant testified at trial and categorically denied that any abuse had occurred. He stated that he had never once been alone with the victim because he and his common-law wife were inseparable 24 hours a day.

In July 1990, a jury convicted Plenty Arrows of aggravated sexual abuse in violation of 18 U.S.C. § 1153 and § 2241(c). The court imposed a 210–month sentence followed by a five-year period of supervised release, along with a $50.00 payment to the Victim's Assistance Fund. This appeal followed.

## I.

■ Plenty Arrows challenges the sufficiency of the evidence to establish a violation of 18 U.S.C. § 2241(c), which makes it a crime to "knowingly engage[ ] in a sexual act with another person who has not attained the age of 12 years, or attempt[ ] to do so...." The definition of "sexual act" is found in 18 U.S.C. § 2245(2)(1988), which states:

As used in this chapter ... the term "sexual act" means

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact

involving the penis occurs upon penetration, however, slight; [or]

(B) contact between the mouth and the penis....

Plenty Arrows argues that the victim's testimony simply did not establish: (1) that contact occurred between his penis and the victim's anus, as required by section 2245(2)(A); or (2) that contact occurred between his penis and the victim's mouth under section 2245(2)(B) "on or about the 28th day of December, 1988" as alleged in the indictment. Plenty Arrows also asserts that the testimony fell short of establishing an attempt to commit aggravated sexual abuse, which also is prohibited by section 2241(c).

In reviewing the sufficiency of the evidence to support a guilty verdict, we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict. We then uphold the conviction only if it is supported by substantial evidence. *United States v. Snelling*, 862 F.2d 150, 153 (8th Cir.1988); *United States v. Lee*, 743 F.2d 1240, 1250 (8th Cir.1984); *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

Section 2245(2)(A) defines in specific terms two types of "sexual act[s]" under the statute, one of which requires contact between the penis and the anus. Contact occurs "upon penetration, however, [sic] slight." While Plenty Arrows argues that there is no evidence of penetration, the government contends that the jury could appropriately have taken into account the victim's young age in evaluating the testimony and could have inferred from the victim's statements that penetration had occurred.

The government relies on *United States v. St. John*, 851 F.2d 1096 (8th Cir.1988), in which this court upheld a conviction upon a challenge to the sufficiency of the evidence. Although the young incest victim in *St. John* at times denied that he had had sexual intercourse with his mother, he also stated that he had " 'humped' " with his mother and had been touched with the " 'bad touch' " by her. *Id.* at 1099.

In this case, the victim stated that Plenty Arrows touched him "from my back of my behind." The government tried to clarify by asking "back of your behind?", to which the victim answered "yes." The government made no further effort to elicit what the victim meant by this—whether he was referring to his buttocks, anus, or to some other part of his anatomy. While it is indeed likely, as the government argues, that a young child would not be familiar with or use the word "anus," the testimony here is too vague to support the inference that contact involving penetration occurred between the penis and anus. The statute is anatomically specific, and the testimony lacks the necessary specificity. Although the government is entitled to all reasonable inferences supporting the verdict, we cannot sustain a conviction "based on a mere suspicion or possibility of guilt." *United States v. Robinson*, 782 F.2d 128, 129 (8th Cir.1986).

The government's reliance on *St. John* is unavailing, as the evidence in that case was much more detailed. The victim "marked anatomically correct diagrams to demonstrate what had taken place," *id.* at 1099, and he also demonstrated the abuse to a psychologist (who later testified) by using anatomically correct dolls. *Id.* at 1097–98.

The evidence in the case before us lacks this degree of specificity and falls short of the requirements of the statute. We thus conclude the evidence is insufficient to sustain a finding of aggravated sexual abuse under the definition of sexual act in 18 U.S.C. § 2245(2)(A).

▪ The government argues alternatively that Plenty Arrows' conviction on aggravated sexual abuse can be sustained under section 2245(2)(B), which defines a sexual act as "contact between the mouth and the penis." Plenty Arrows again asserts that the evidence is insufficient because there is no testimony to prove that the aggravated sexual abuse occurred "on or about" December 28, 1988, as alleged in the indictment.

The victim testified that Plenty Arrows put his penis in the victim's mouth, but was unable to state when that occurred. When the prosecutor asked: "Was that at home over that Christmas vacation, too?", the victim replied: "I don't know." The prosecutor made no further attempt to question the victim about when the oral sodomy occurred, and no other evidence was introduced on this issue.

The government argues that the jury might have found that the abuse occurred on any date between October 1986 and July 1990—the only period of time that Plenty Arrows had access to the victim—and that any date during that period would be reasonably near the December 1988 date in the indictment.[1]

If the date is not a material element of the crime charged, "a variance between the date in the indictment and the proof is not fatal if the proof shows that the acts charged were committed on a date within the statute of limitations *and prior to the return date of the indictment.*" *United States v. Joyner*, 539 F.2d 1162, 1164–65 (8th Cir.) (emphasis added), *cert. denied*, 429 U.S. 983, 97 S.Ct. 499, 50 L.Ed.2d 593 (1976); *accord United States v. Collins*, 690 F.2d 670, 673 (8th Cir.1982).

The indictment was returned on September 20, 1989. The victim's testimony provided no limitation as to the period of time when the oral sodomy occurred. Thus, the act could have occurred, as the government acknowledges, at any time up until the trial in July 1990 if Plenty Arrows had access to the victim during that time. The government does concede, in its brief, that the victim was around Plenty Arrows up until the time of trial.

▪ A verdict cannot be based on an act that could have occurred after the return of the indictment, and the jury had no basis for inferring that the act occurred before that date. We thus conclude that the evidence was insufficient to establish aggra-

---

**1.** The court instructed the jury that the "proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged."

vated sexual abuse under the definition of sexual act in section 2245(2)(B).

█ Plenty Arrows next contends that the evidence was not only insufficient to establish aggravated sexual abuse, but was also insufficient to establish attempted aggravated sexual abuse, which is similarly prohibited under section 2241(c). Plenty Arrows argues that the act of placing a penis against the back or buttocks is not a substantial step toward the consummation of the crime of anal sodomy. The government argues that the testimony established attempted anal sodomy and that Plenty Arrows offered no proof of innocent purpose or abandonment of his attempt.

The requisite elements of attempt are: "(1) an intent to engage in criminal conduct, and (2) conduct constituting a 'substantial step' toward the commission of the substantive offense which strongly corroborates the actor's criminal intent." *United States v. Joyce,* 693 F.2d 838, 841 (8th Cir.1982); *United States v. Mims,* 812 F.2d 1068, 1077 (8th Cir.1987). A substantial step goes beyond " 'mere preparation' " but may be less than the " 'last act necessary' " before commission of the substantive crime. *Mims,* 812 F.2d at 1077 (quoting *United States v. Mazzella,* 768 F.2d 235, 240 (8th Cir.), *cert. denied,* 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985)).

Again, the evidence presented is simply insufficient. There is no indication in the testimony that the placing of the penis against the "back of [the victim's] behind" constituted a substantial step toward the completion of the crime of anal sodomy. The chief purpose of the "substantial step" requirement "is to corroborate the actor's specific intent to commit the crime." *Fryer v. Nix,* 775 F.2d 979, 993 (8th Cir. 1985). Thus, the act must be of such an "unequivocal nature" that it is "calculated to bring the desired result to fruition." *Id.* The problem here is that one cannot determine the actor's ultimate intent from the

testimony. The evidence simply does not establish beyond a reasonable doubt that Plenty Arrows intended to proceed beyond touching the "back of [the victim's] behind" to penetration, however slight, of the victim's anus. We thus conclude that the evidence is insufficient to establish the crime of attempted aggravated sexual abuse under section 2241(c).

█ Although we conclude the evidence is not sufficient to establish beyond a reasonable doubt the crime of aggravated sexual abuse, and therefore reverse on that conviction, we remand with directions to the district court to enter judgment on the lesser included offense of "abusive sexual contact" under 18 U.S.C. § 2244 (1988). Section 2245(3) defines "sexual contact" as the "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."[2] In *United States v. Demarrias,* 876 F.2d 674 (8th Cir.1989), this court concluded that abusive sexual contact is a lesser included offense of aggravated sexual abuse as those terms are defined in 18 U.S.C. § 2245. *Id.* at 676-77.

█ A reviewing court has the authority to direct the entry of judgment on the lesser included offense "when it finds that those elements exclusive to the greater . . . offense . . . are not supported by sufficient evidence to sustain the jury's verdict, but that there is sufficient evidence to sustain a finding of guilt on all elements of the lesser offense." *United States v. Dickinson,* 706 F.2d 88, 93 (2d Cir.1983). *See United States v. Franklin,* 728 F.2d 994, 1000-01 (8th Cir.1984) (remand for resentencing on lesser included offense proper where district court's finding on greater offense, which was not supported by sufficient evidence, necessarily included a finding of guilt as to all elements of the lesser

---

**2.** The district court instructed the jury as to the lesser included offense of abusive sexual contact and correctly defined sexual contact as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person."

offense); *Gov't of Virgin Islands v. Josiah*, 641 F.2d 1103, 1108 (3d Cir.1981) (same).

While the victim's testimony is insufficient to establish penetration of the anus or an attempt to penetrate, it is sufficient to establish the necessary elements of abusive sexual contact, which requires intentional touching of one of the specified areas with an improper purpose. Under section 2244(a)(1), this conduct is prohibited if the perpetrator knowingly engaged in the contact and his actions, had they constituted a "sexual act," would have violated section 2241(c), the section prohibiting the aggravated sexual abuse of children.

Although the victim provided no testimony as to penetration, he clearly stated that Plenty Arrows touched him on the "back of [his] behind" while he was unclothed, and that Plenty Arrows used his penis to touch him. This testimony falls within the more generalized definition of abusive sexual contact. Regarded in the light most favorable to the verdict, this testimony describes the touching of the victim's buttocks or inner thighs. Accepting as established all reasonable inferences supporting the verdict, we conclude that substantial evidence supports a finding of guilty on the lesser included offense of abusive sexual contact.

We therefore reverse the conviction on aggravated sexual abuse, but remand to the district court with directions to enter judgment on the lesser included offense of abusive sexual contact and to resentence accordingly.

## II.

 Plenty Arrows also attacks the admission of the testimony of Sheri Cleland, a mental health therapist. Cleland, a defense witness who testified on direct examination that during an interview the victim denied to her that he had been sexually abused, testified on cross examination that the victim's behavior (anger, denial of abuse) was consistent with that of a sexually abused child.

Plenty Arrows argues that the admission of this testimony was improper because the credibility of a witness's statements, in this case the victim's, may not be attacked or supported through the use of opinion evidence. Plenty Arrows relies on *United States v. Azure*, 801 F.2d 336 (8th Cir. 1986).

In that case, we held that expert opinion was erroneously admitted when a child abuse expert "put[ ] his stamp of believability on [the victim's] entire story," *id.* at 340, by testifying that he could " 'see no reason why [the victim] would not be telling the truth in this matter....' " *Id.* at 339.

Cleland's testimony did not place her imprimatur on the victim's testimony. She merely stated that his behavior was consistent with that of a sexually abused child. *Azure* explicitly stated that an expert could properly aid jurors by stating whether the evidence was consistent with the victim's claims of sexual abuse. *Id.* at 340.

The district court has broad discretion in deciding whether or not to admit expert testimony. *See United States v. Purham*, 725 F.2d 450, 454 (8th Cir.1984). We conclude that the district court did not abuse its discretion.

For the foregoing reasons, we reverse the conviction for aggravated sexual abuse, but remand to the district court with directions to enter judgment on the lesser included offense of abusive sexual contact and to resentence accordingly.