Roger Matthew WALTERS,
Petitioner–Appellant,

v.

Manfred MAASS, Superintendent,
Respondent–Appellee.

No. 92–35226.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1993.

Decided Dec. 8, 1993.

Charles N. Fadeley, Eugene, OR, for petitioner-appellant.

Janet A. Metcalf, Asst. Atty. Gen., Salem, OR, for respondent-appellee.

Before: KILKENNY, TANG, and POOLE, Circuit Judges.

KILKENNY, Senior Circuit Judge:

In 1981 Roger Walters approached a 13-year old girl and lured her into his vehicle by offering her money to help him find a fictitious white dog. He then kidnapped, raped, and sodomized the girl. In 1987, not long after having been released from prison for these crimes, Walters approached a 13-year old girl and attempted to lure her into his vehicle by offering her money to help him find a fictitious white dog. He was arrested, tried and convicted on charges of attempted kidnapping, attempted rape, and attempted sodomy. After the Supreme Court of Oregon unanimously upheld his convictions and sentence, Walters filed the instant petition for a writ of habeas corpus in federal district court. The district court denied relief and Walters has appealed, arguing that he was denied his right to a fair trial, that the evidence was insufficient to support his conviction, and that he was improperly sentenced. We reject each of these contentions and affirm.

## I

Walters first argues that the state trial court's admission of evidence of his 1981 crimes at the trial of the 1987 offenses deprived him of his right to a fair trial. Oregon Evidence Rule 404(3), which is virtually identical to Fed.R.Evid. 404(b), expressly provides that "[e]vidence of other crimes, wrongs or acts ... may ... be admissible for ... proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Or.Rev.Stat. § 40.170, Rule 404(3). We recently upheld under Fed.R.Evid. 404(b) the admission of similar evidence regarding a prior sexual assault when the earlier act was not too remote in time and the trial court gave a limiting instruction. See United States v. Sneezer, 983 F.2d 920, 924 (9th Cir.1992) (per curiam), cert. denied, — U.S. ——, 114 S.Ct. 113, 126 L.Ed.2d 79 (1993).

Walters' conduct in 1987 was virtually identical to that of 1981. Moreover, because Walters spent nearly all of the intervening time in prison, his earlier acts cannot be said to have been too remote in time from those of 1987. In addition, the trial court admitted the evidence of the 1981 crimes solely to prove intent and instructed the jury accordingly. As the admission of the evidence was neither arbitrary nor so prejudicial as to have rendered the trial fundamentally unfair, see Colley v. Sumner, 784 F.2d 984, 990 (9th Cir.), cert. denied, 479 U.S. 839, 107 S.Ct. 142, 93 L.Ed.2d 84 (1986), it cannot be said that the district court abused its discretion by admitting the evidence. See Sneezer, 983 F.2d at 924.

## II

 The heart of Walters' appeal is his contention that the evidence was insufficient to support his conviction on all three attempt charges. A conviction for attempt under Oregon law requires proof beyond a reasonable doubt that the defendant "intentionally engage[d] in conduct which constitute[d] a substantial step toward commission of the crime." Or.Rev.Stat. § 161.405(1); *State v. Walters,* 311 Or. 80, 84, 804 P.2d 1164, 1167 (en banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991). A "substantial step" is one which both advances the criminal purpose charged and strongly corroborates the existence of that purpose. *Walters,* 311 Or. at 85, 804 P.2d at 1167. *Accord, United States v. Scott,* 767 F.2d 1308, 1311 (9th Cir.1985). Moreover, "it must be ... of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design" to commit the particular crime charged. *Id.* at 1312 (citation and internal quotation omitted). Finally, a substantial step entails "an overt act adapted to, approximating, and which in the ordinary and likely course of things will result in, the commission of the particular crime." *Id.* (citation and quotation omitted).

 Under Oregon law, "enticement" can constitute a "substantial step" towards criminal attempt. *Walters,* 311 Or. at 85–86, 804 P.2d at 1167–68. *Accord,* Model Penal Code ("MPC") § 5.01(2)(b) (1985).[1] The evidence showed that Walters attempted to lure his intended victim into his truck by fabricating a story about a lost (and nonexistent) dog, promising money to the girl, and then offering her a ride when she refused the offer of money. These facts, when combined with those underlying Walters' prior conviction, were sufficient to show that his efforts to entice the girl were intended to advance, and were strongly corroborative of, his criminal purpose.[2] *See Walters,* 311 Or. at 84–85, 804 P.2d at 1167; MPC § 5.01(2). Accordingly, we cannot say that, viewing the evidence in a light most favorable to the prosecution, no reasonable trier of fact could have found the necessary elements of the crimes charged beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

## III

 Walters finally argues that the trial court's imposition of an enhanced dangerous offender sentence denied him equal protection of the laws and violated the Constitution's *ex post facto* clause. Oregon's dangerous offender statute requires that there be a determination whether a defendant's conduct "seriously endangered the life or safety of another" before a sentence may be enhanced for such conduct. Or.Rev.Stat. § 161.725(2). The Oregon courts have interpreted this provision to mean that, in a jury trial, the jury as the trier of fact must decide the question of "serious endangerment". *State v. Follett,* 88 Or.App. 512, 515, 746 P.2d 236, 237 (1987) (citing and discussing *State v. Mitchell,* 84 Or.App. 452, 457, 734 P.2d 379, 382, *review denied,* 303 Or. 590, 739 P.2d 570 (1987)), *review denied,* 305 Or. 273, 752 P.2d 1219 (1988).

Walters' trial and sentencing on this point fully comported with the requirements of state law, and his conclusory allegations fail to establish an equal protection violation. Moreover, Walters was not disadvantaged by a retroactive application of a law passed after the date of his offense, nor was his punishment greater than the law provided therefor at the time he committed the crimes. *See, e.g., Collins v. Youngblood,* 497 U.S. 37, 41–

---

1. Oregon's criminal attempt statute is based on the Model Penal Code version. *Walters,* 311 Or. at 85, 804 P.2d at 1167.

2. Admittedly, the same substantial step was employed to uphold the attempted kidnapping conviction, but we see no basis on which to dispute the Supreme Court of Oregon's observation that "the same conduct may constitute a substantial step toward the commission of more than one charged crime, as long as that conduct strongly corroborates the actor's criminal purpose underlying each charged crime." *Walters,* 311 Or. at 86 n. 9, 804 P.2d at 1168 n. 9. Accordingly, the finding of a "substantial step", as Oregon defines that term, is appropriate as to both the attempted rape charge and the attempted sodomy charge in view of Walters' prior bad acts and what they tell us about his criminal purpose in the present case.

43, 110 S.Ct. 2715, 2718–2720, 111 L.Ed.2d 30 (1990). Finally, any other error is one of state law and does not rise to the level of a federal constitutional violation cognizable by writ of habeas corpus. *See Jammal v. Van de Kamp,* 926 F.2d 918, 919–20 (9th Cir. 1991).

## CONCLUSION

We find no error in this record that would justify our granting Walters' petition for a writ of habeas corpus and thereby effectively overturn the fine opinion of the Supreme Court of Oregon. Accordingly, the decision of the district court is

**AFFIRMED.**

TANG, Senior Circuit Judge, concurring:

I share Judge Poole's concern with this case; Oregon appears on the verge of criminalizing pure (albeit bad) thought. But in finding sufficient evidence of a "substantial step" toward rape and sodomy in Walters's efforts to have his intended victim get into his truck, the Oregon Supreme Court retains at least a vestige of the *actus reus* requirement.

The *actus reus* element of state criminal laws is generally a matter of state law. As the Supreme Court has stated:

> The doctrines of *actus reus* [and] *mens rea* ... have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of adjustment has always been thought to be the province of the States.

*Powell v. Texas,* 392 U.S. 514, 536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968). Here, Oregon has declared that "enticement" constitutes one form of the "substantial step" required for an attempt conviction under state law. *State v. Walters,* 311 Or. 80, 85–86, 804 P.2d 1164, *cert. denied,* —— U.S. ——, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991).

Because there is sufficient evidence to support a finding of enticement under Oregon law, we must defer to state law and uphold Walters's convictions. *See Estelle v.*

*McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

POOLE, Circuit Judge, dissenting:

Because I would hold that insufficient evidence supports Walters' convictions for attempted first-degree rape and sodomy, I respectfully dissent.

Walters was convicted, following a jury trial, of attempted first-degree kidnapping, attempted first-degree rape, and attempted first-degree sodomy. The trial court sentenced him as a dangerous offender (based on his 1981 convictions for kidnapping, rape, and sodomy) to consecutive sentences as follow: 30 years with a 15 year minimum for attempted kidnapping, 20 years with a 10 year minimum for attempted rape, and 10 years with a 5 year minimum for attempted sodomy. Walters contends that the evidence was insufficient to support his convictions on all three counts.

Under Oregon law, conviction for attempt requires proof beyond a reasonable doubt that the defendant "intentionally engages in conduct which constitutes a substantial step toward commission of the crime." Or.Rev. Stat. § 161.405(1); *State v. Walters,* 804 P.2d 1164, 1167 (Or.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991).

To constitute a substantial step toward the commission of a crime, the defendant's conduct must (1) advance the criminal purpose charged and (2) strongly corroborate the existence of that purpose. *Walters,* 804 P.2d at 1167; *see United States v. Scott,* 767 F.2d 1308, 1311 (9th Cir.1985); *accord United States v. Plenty Arrows,* 946 F.2d 62, 66 (8th Cir.1991) (purpose of substantial step requirement in attempt crimes is to corroborate the actor's specific intent to commit the crime). Mere preparation is insufficient to constitute a substantial step. *Walters,* 804 P.2d at 1167–68 & n. 8; *State v. Sargent,* 110

Or.App. 194, 822 P.2d 726, 728 (1991); *accord Scott,* 767 F.2d at 1311.

The difference between making preparations and taking a substantial step toward the commission of a crime is one of degree. *Scott,* 767 F.2d at 1311; *see Walters,* 804 P.2d at 1167–68 & n. 8. In evaluating whether conduct constitutes a substantial step, we have stated that although behavior need not be incompatible with innocence to be punishable as an attempt, " 'it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context[,] could conclude beyond a reasonable doubt that it was undertaken in accordance with a design' " to commit the particular crime charged. *Scott,* 767 F.2d at 1312 (quoting with approval *United States v. Manley,* 632 F.2d 978, 987–88 (2d Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981)). Moreover, a substantial step must entail "an 'overt act adapted to, approximating, and which in the ordinary and likely course of things will result in, the commission of the particular crime.' " *Id.* (quoting with approval *Manley,* 632 F.2d at 988).

Walters asserts that the evidence was insufficient to establish his intent to commit the crimes of first-degree kidnapping, rape, and sodomy and to establish that he took a substantial step toward the commission of those crimes.

Certainly Walters' intent is manifested by (1) evidence regarding his use of the fictitious German shepherd ruse in 1981 to kidnap, rape, and sodomize another thirteen-year old girl, (2) his persistent attempts to lure the victim in this case into his truck using the same ruse, and (3) his actions in following the victim home. In addition, Walters' attempt to entice the victim into his truck clearly advances the criminal purpose of first-degree kidnapping and strongly corroborates the existence of his purpose to commit that crime. Thus, I agree with the majority opinion and the Oregon Supreme Court that this conduct constitutes a substantial step toward the commission of the crime of first-degree kidnapping, and I would affirm Walters' conviction for attempted first-degree kidnapping.

The more troubling question is whether Walters' attempt to entice the victim into his truck constitutes a substantial step toward the commission of the crimes of rape and sodomy when the only evidence of intent to rape and sodomize is Walters' 1981 crimes where he kidnapped, raped, and sodomized a thirteen-year old girl. If in 1981, Walters had committed other crimes (for example, breaking the victim's arm and stealing her wallet), it would be difficult to conclude that enticement into the truck constitutes a substantial step toward the commission of those crimes. At some point, the link between the enticement and the charged crimes becomes too attenuated: we cannot say that the enticement strongly corroborates any intent to commit those crimes such that a "reasonable observer, viewing it [the enticement] in context[,] could conclude beyond a reasonable doubt that it was undertaken in a design" to commit the crimes. *See Scott,* 767 F.2d at 1312 (quotation omitted).

Here, the only step Walters took toward the commission of the charged crimes was his attempt to entice the victim into his truck. It may be that this act to some extent corroborates Walters' intent to commit some sexual assault, but I cannot agree that it *strongly* corroborates his intent to commit those crimes. *See Scott,* 767 F.2d at 1312. Moreover, attempting to entice the victim into a truck does not, in the ordinary and likely course of events, result in the crimes of rape and sodomy. *See id.; cf. Plenty Arrows,* 946 F.2d at 66 (placing penis against victim's anus was not a substantial step toward the completion of the crime of anal sodomy; evidence constitutionally sufficient only for the lesser offense of abusive sexual contact); *Sullivan v. State,* 766 P.2d 51, 53 (Alaska App.1988) (defendant asked eight-year old if she would be his "girlfriend" and offered her money; after the girl responded, "no," he sent her a note with spaces for "yes" and "no" answers asking her to be his girlfriend, to kiss him, and to get him another girlfriend; evidence established intent but did not constitute a substantial step toward "sexual contact" with a minor).

In sum, where the only evidence of Walters' intent to commit the crimes of rape and

sodomy is the 1981 crimes, I believe that Walters' attempt to entice the victim into his truck is not a substantial step toward the commission of the crimes of first-degree rape and sodomy. Accordingly, I would reverse Walters' convictions for attempted rape and sodomy for constitutional insufficiency of the evidence.