29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith Terell ROLAND, Petitioner-Appellant,
v.
Robert G. BORG, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 93-56111.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Terell Roland, a state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus. Roland contends that he is entitled to habeas relief because (1) his convictions for attempted rape and kidnapping for the purpose of robbery were not supported by sufficient evidence; (2) the trial court did not give a proposed jury instruction; and (3) the trial court rejected his proposed voir dire questions on eyewitness identification. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm.
 
 
 3
 We review de novo the district court's denial of a petition for a writ of habeas corpus. Martineau v. Angelone, No. 93-15955, slip op. 5137, 5147 (9th Cir. May 17, 1994).
 
 
 4
 * Sufficiency of the Evidence
 
 
 5
 "A state prisoner may ... be entitled to federal habeas relief if he can show that the evidence adduced at trial was such that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id.
 
 
 6
 A. Attempted Rape of Cynthia V.
 
 
 7
 Roland argues that insufficient evidence existed to prove that he intended to rape Cynthia V. because he not make any sexual demands during the attack. We disagree.
 
 
 8
 At trial, Cynthia V. testified that Roland grabbed her in the stairwell of a parking garage, told her to "shut up, stop screaming," and punched her, but eventually ran away. Roland testified that he attempted to take Cynthia V.'s purse, but did not intend to rape her. The prosecution introduced evidence that Roland had attacked four other women in a strikingly similar manner, that is, by grabbing them in parking garages, dragging them to the stairwell, forcing them to undress, taking their valuables, and then sexually assaulting them. Thus, the jury rationally could infer that Roland was attempting to subdue Cynthia V. so that he could rape her in the stairwell. See Walters v. Maass, 11 F.3d 892, 894 (9th Cir.1993) (evidence that the defendant had lured a prior victim into his car by offering her money to help him find a white dog, then kidnapped, raped, and sodomized her corroborated that the defendant's effort to entice another girl into his car with a lost white dog story was for the criminal purpose of attempted kidnapping, rape, and sodomy). Therefore, we conclude that this conviction did not violate Roland's due process rights.
 
 
 9
 B. Kidnapping Martha R. for the Purpose of Robbery
 
 
 10
 Roland argues that insufficient evidence existed to support his conviction for kidnapping Martha R. for the purpose of robbery. Here, the facts are not disputed and the California Court of Appeal found those facts satisfied the statutory elements as defined by California law. See People v. Daniels, 71 Cal.2d 1119, 1139 (1969) (a conviction for kidnapping for the purpose of robbery requires movement of the victim that (1) is not merely incidental to the commission of the robbery and (2) substantially increases the risk of harm over and above that necessarily present in the crime of robbery itself). Therefore, Roland is not entitled to habeas relief on this claim. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("it is not the province of federal habeas court to reexamine state court determinations on state law questions").
 
 II
 Jury Instructions
 
 11
 Roland contends that he is entitled to habeas relief because the trial court refused to give his proposed instruction on the asportation element of the kidnapping for the purpose of robbery charge. We disagree.
 
 
 12
 The formulation of jury instructions is a question of state law and therefore not cognizable in habeas proceedings unless the failure to give an instruction rendered the trial fundamentally unfair. Hendricks v. Vasquez, 974 F.2d 1099, 1106 (9th Cir.1992). A habeas petitioner carries a heavy burden to establish a due process violation. Id.
 
 
 13
 Roland's proposed instruction stated, in part:
 
 
 14
 When in the course of a robbery a robber does no more than move his victim around inside a residence, place of business, or other enclosure, his conduct will generally not be deemed to constitute the offense of kidnapping for the purpose of robbery.
 
 
 15
 ....
 
 
 16
 When a defendant commits an offense which is essentially a robbery, rape or assault, and in which some asportation occurs as a subsidiary incident, he does not thereby commit the additional crime of kidnapping for the purpose of robbery.
 
 
 17
 The trial court rejected the instruction as confusing, and instead instructed the jury, in part:
 
 
 18
 Kidnapping is the unlawful movement by physical force of a person against his will and without his consent for a substantial distance where such movement is not merely incidental to the commission of the robbery and where such movement substantially increases the risk of significant physical injuries to such person over and above those to which such person is normally exposed in the commission of the crime of robbery itself.
 
 
 19
 In order to prove the commission of the crime of kidnapping to commit robbery, each of the following element[s] must be proved:
 
 
 20
 * * *
 
 
 21
 4. That the movement of such person was for a substantial distance, that is, a distance more than slight or trivial, and
 
 
 22
 5. That such movement substantially increased the risk of significant physical injuries to such person over and above those to which such person normally would have been exposed in the commission of the crime of robbery itself.
 
 
 23
 The instruction correctly described the elements of kidnapping for the purpose of robbery. See Earley, 14 Cal.3d at 128 n. 8. By instructing the jury that the movement must be "not merely incidental to the commission of the robbery," the trial court conveyed to the jury the information expressed in Roland's "subsidiary event" instruction. Roland has not established that the jury instructions violated due process. See Hendricks, 974 F.2d at 1107.
 
 III
 Voir Dire
 
 24
 Roland argues that the trial court erred by rejecting two proposed voir dire questions on eyewitness and cross-racial identification. This argument lacks merit.
 
 
 25
 Because a trial court has wide latitude in conducting voir dire, "[t]o be constitutionally compelled, ... it is not enough that [defendant's proposed] questions might be helpful. Rather, the trial court's failure to ask these questions must render the defendant's trial fundamentally unfair." Mu'Min v. Virginia, 500 U.S. 415, 425-26 (1991).
 
 
 26
 Here, Roland submitted the following proposed questions: (1) "Do you believe a witness who testifies with apparent certainty and confidence as to the identification of a suspect is necessarily being accurate?" and (2) "Do you feel than an eyewitness can be mistaken about his or her identification of a person of a different race?" The trial court rejected the questions as argumentative, attempting to indoctrinate the jurors, and calling for prejudgment of the facts. Instead, the court allowed Roland to ask: (1) "In examining the testimony of a witness on the subject of eyewitness identification, can you determine between confidence and accuracy[?]"; and (2) "If you are instructed that the cross-racial nature of an identification is a factor that you should consider[,] could you follow such an instruction?"
 
 
 27
 The questions propounded adequately tested the jurors' attitudes about eyewitness identification. Therefore, the refusal to allow some of Roland's proposed questions did not render his trial fundamentally unfair. See id.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3