On appellant's petition for reconsideration filed February 6, reconsideration allowed; former disposition (190 Or App 299, 78 P3d 132 (2003)) withdrawn; dangerous offender sentences on counts 3, 4, 5, 6, and 10 vacated; sentence on count 9 vacated; remanded for resentencing; otherwise affirmed April 7, petition for review denied June 15, 2004 (337 Or 160)

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIE LARON TANNER,
*Appellant.*

990231447; A111473

87 P3d 688

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Jennelle Meeks Barton, Deputy Defender, Office of Public Defense Services for petition.

Before Edmonds, Presiding Judge, and Wollheim, Judge,* and Leeson, Judge pro tempore.

PER CURIAM

---

* Wollheim, J., *vice* Schuman, J.

**PER CURIAM**

Defendant seeks reconsideration of our previous decision in this case, *State v. Tanner*, 190 Or App 299, 78 P3d 132 (2003), arguing that we erred in affirming on an issue on which the state correctly conceded error. We agree and grant reconsideration.

Defendant was convicted of numerous felonies. The trial court imposed dangerous offender sentences under ORS 161.725(1)(b) or (c) on several Class B felonies in the absence of a jury's determination of the necessary underlying facts. As the state concedes, that action was erroneous and requires resentencing. *State v. Mitchell*, 84 Or App 452, 457-58, 734 P2d 379, *rev den*, 303 Or 590 (1987).

We adhere to our previous conclusion that the trial court erred in sentencing defendant to two upward departures on count 9, resulting in a minimum sentence of 260 months for a Class A felony that had a maximum sentence of 20 years, or 240 months. *See State v. Remme*, 173 Or App 546, 565-66, 23 P3d 374 (2001). We also adhere to our rejection of defendant's other assignments of error.

Reconsideration allowed; former disposition withdrawn; dangerous offender sentences on counts 3, 4, 5, 6, and 10 vacated; sentence on count 9 vacated; remanded for resentencing; otherwise affirmed.