WILBUR, Justice
(dissenting).
[¶ 28.] I respectfully dissent. The circuit court erred in denying Riley’s motion for judgment of acquittal because a rational trier of fact could not have “found the essential elements of the crime beyond a reasonable doubt.” State v. Danielson, 2012 S.D. 36, ¶ 8, 814 N.W.2d 401, 405 (quoting State v. Stark, 2011 S.D. 46, ¶ 21, 802 N.W.2d 165,172). One of the essential elements of possession of child pornography cannot be found beyond a reasonable doubt — “any visual depiction of a minor engaging in a prohibited sexual act, or in the simulation of such an act.” SDCL 22- *439 24A-3(3). Indeed, no visual depiction of child pornography was ever found in Riley’s possession or on devices possessed by Riley. And while “any visual depiction” of child pornography may be inferred from circumstantial evidence, “a conviction cannot be sustained on mere suspicion or possibility of guilt.” State v. Toohey, 2012 S.D. 51, ¶ 22, 816 N.W.2d 120, 130 (quoting United States v. Plenty Arrows, 946 F.2d 62, 65 (8th Cir.1991)).
[¶ 29.] The circumstantial evidence presented here, even when viewed cumulatively and in a light most favorable to the State, did not establish, beyond a reasonable doubt, the presence of any visual depiction of child pornography in Riley’s possession. The inferences of guilt that the majority uses to support its conclusion are subject to speculation.
[¶ 30.] In arguing that circumstantial evidence supports Riley’s conviction of possession of child pornography, the majority contends that Riley “was the only user of the computer at issue on an IP address that was downloading child pornography.” However, the fact that Riley had exclusive access to the seized computer fails to establish that Riley’s computer was connected to the IP address Kuchen-reuther identified on October 20, 2009. Kuchenreuther was unable to determine what device was connected to the IP address on the date of his investigation, where the device was located, or who was using the device. Further investigation revealed nothing on Riley’s hard drive linking it to the videos Kuchenreuther discovered on October 20, 2009.
[¶ 31.] Additionally, Riley’s statements do not establish that he possessed visual depictions of child pornography, specifically the full video, on his computer. In support of its argument that Riley’s statements are inferences of his guilt, the majority opinion emphasizes Riley’s statement that “It’s gone[,]” when investigators questioned Riley about the 79 video files seen by Kuchenreuther on October 20, 2009, and Riley’s statement to investigators that he had viewed the partial video. These “admissions,” however, hardly reach the level of admission present in a similar case where the defendant was convicted and no visual depiction was found on the defendant’s computer. See State v. Garbaccio, 151 Wash.App. 716, 214 P.3d 168, 172 (2009) (noting that at trial, where the defendant was convicted of possession of child pornography when no visual depiction of child pornography was found on the defendant’s computer, “[the defendant] and the State entered into a stipulation that [the defendant] had in fact downloaded images of child pornography”). And, furthermore, Riley’s statement that he had viewed the partial video, the charge for which he was acquitted, does not amount to an “admission” of possession of visual depictions of child pornography (the full video).
[¶ 32.] Lastly, the text strings found by Eisenbraun on Riley’s computer do not establish that visual depictions of child pornography existed on Riley’s computer on October 20, 2009. As the record demonstrates, text strings or file titles are just words, not images or videos. Text strings can be manipulated by the user, meaning that a computer user can assign a file any name and file extension he chooses. Thus, a Microsoft Word document could appear to be a video file and vice versa. Even Eisenbraun testified that a text string “doesn’t mean that it is [child pornography] and it doesn’t mean that it isn’t [child pornography].”
[¶ 33.] Because the circumstantial evidence, when viewed cumulatively in a light most favorable to the State, is speculative and does not rise to the level of proof *440 beyond a reasonable doubt, I would reverse the conviction.
[¶ 34.] SEVERSON, Justice, joins this dissent.