# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3602

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Andrew Burrage

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 4, 2014
Filed: April 4, 2014

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

This case is on remand from the Supreme Court of the United States. ***Burrage v. United States***, 134 S. Ct. 881 (2014). A jury convicted Marcus Andrew Burrage of distribution of heroin and distribution of heroin resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him to 20 years' imprisonment, consistent with § 841(b)(1)(C)'s prescribed minimum. Burrage appealed, challenging, among other things, the jury instructions for § 841(b)(1)(C).

This court affirmed. ***United States v. Burrage***, 687 F.3d 1015 (8th Cir. 2012). In light of the Supreme Court's ruling in *Burrage*, this court reverses the conviction on Count 2, for distribution of heroin resulting in death, and remands. This court's opinion of March 7 is vacated and this opinion substituted for it.

I.

Burrage objected to the jury instructions for 21 U.S.C. § 841(b)(1)(C), a penalty provision increasing the minimum sentence for distribution of heroin "if death or serious injury *results from* the use of such substance." (emphasis added). The district court instructed the jury:

INSTRUCTION NO. 10
ELEMENTS OF THE OFFENSE—COUNT TWO—
DISTRIBUTION OF HEROIN RESULTING IN DEATH

The crime of distributing heroin resulting in death, as charged in Count Two of the Indictment, has three essential elements, which are:

1. On or about April 14, 2010, the Defendant intentionally distributed heroin; and

2. At the time of the transfer, the Defendant knew that it was heroin; and

3. A death *resulted from* the use of the heroin.

For you to find that a death resulted from the use of heroin, the Government must prove, beyond a reasonable doubt, that the heroin distributed by the Defendant was a *contributing cause* of Joshua Banka's death. A contributing cause is a factor that, although not the primary cause, played a part in the death[.]

> For you to find the Defendant guilty of the crime charged under Count Two the Government must prove all of these essential elements beyond a reasonable doubt; otherwise you must find the Defendant not guilty of this crime under Count Two.

(emphasis added). The district court rejected Burrage's proposed jury instruction that the "results from" language in § 841(b)(1)(C) requires a showing of proximate cause. The district court also denied Burrage's motion for judgment of acquittal, which argued that the death did not "result from" heroin use because there was no evidence that heroin was a but-for cause of death. Burrage appealed.

Relying on *United States v. Monnier*, 412 F.3d 859 (8th Cir. 2005), this court held that the district court did not err by using "contributing cause" language to define the statute's causation element. ***Burrage***, 687 F.3d at 1020-21, *citing **Monnier***, 412 F.3d at 862. As to proximate cause, this court held that Burrage's proposed instructions "d[id] not correctly state the law" because "a showing of 'proximate cause' is not required under § 841(b)(1)." ***Id.*** at 1020, *quoting **United States v. McIntosh***, 236 F.3d 968, 972-73 (8th Cir. 2001).

On certiorari, the Supreme Court reversed Burrage's conviction on Count 2, holding that

> at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

***Burrage***, 134 S. Ct. at 892. The Court stated that "the Government concedes that there is no 'evidence that [the victim] would have lived but for his heroin use.'" ***Id.***, *citing* **Brief for United States** at 33 Burrage v. United States, 134 S. Ct. 881 (2014)

(No. 12-7515), 2013 WL 5461835 at *33. The evidence was, therefore, insufficient to support a conviction on Count 2, for distribution of heroin resulting in death.

However, the evidence was sufficient to support a conviction on Count 2's lesser included offense—distribution of heroin.[1] **21 U.S.C. § 841(a)(1)**; ***Burrage***, 134 S. Ct. at 887 n.3. This court remands for entry of judgment and resentencing on this offense. *See* **United States v. Plenty Arrows**, 946 F.2d 62, 66 (8th Cir. 1991) ("A reviewing court has the authority to direct the entry of judgment on the lesser included offense when it finds that those elements exclusive to the greater . . . offense . . . are not supported by sufficient evidence to sustain the jury's verdict, but that there is sufficient evidence to sustain a finding of guilt on all elements of the lesser

---

[1]At trial, the district court instructed:

> If your verdict under Count Two, the elements of which are listed in Instruction No. 10, is not guilty, or if, after all reasonable efforts, you are unable to reach a verdict on Count Two, you should record that decision on the verdict form and go on to consider whether Defendant is guilty of the crime of Distribution of Heroin under this instruction. The crime of Distribution of Heroin, a lesser-included offense of the crime charged in Count Two of the Indictment, has two elements, which are:
>
> 1. On or about April 14, 2010, the Defendant intentionally distributed heroin; and
> 2. At the time of the transfer, the Defendant knew that it was heroin.
>
> For you to find Defendant guilty of this crime, a lesser-included offense, under Count Two, the Government must prove both of these elements beyond a reasonable doubt; otherwise you must find the defendant not guilty of this crime, a lesser included offense, under Count Two.

Because the jury convicted on the greater offense, it did not reach the lesser included offense.

-4-

offense.") (internal quotation marks omitted); ***United States v. Franklin***, 728 F.2d 994, 1000-01 (8th Cir. 1984).

This court rejects Burrage's challenges to his conviction on Count 1 for the reasons stated in the prior opinion. ***Burrage***, 687 F.3d at 1021-26. At sentencing, the district court increased Burrage's offense level for both counts based on his conviction under Count 2 for distribution of heroin resulting in death. Accordingly, this court also remands for resentencing on Count 1. ***United States v. Feemster***, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("Procedural error includes failing to calculate (or improperly calculating) the Guidelines range.") (internal quotation marks omitted); ***United States v. Thompson***, 690 F.3d 977, 996 (8th Cir. 2012) ("Where we reverse one of several of a defendant's criminal convictions, we remand for resentencing if we are uncertain whether [the district court] would have imposed the same or somewhat lesser sentences for the remaining convictions as it did originally.") (internal quotation marks omitted).

*******

Burrage's conviction on Count 2, for distribution of heroin resulting in death, is reversed. The district court shall enter judgment on the lesser included offense of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). Burrage's conviction on Count 1 is affirmed, and the case remanded for resentencing on both counts.

_____