# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3748

_____

Dorian Ragland

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 9, 2015
Filed: April 29, 2015
[Published]

_____

Before RILEY, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

PER CURIAM.

Dorian Ragland requests a certificate of appealability (COA) following the district court's denial of 28 U.S.C. § 2255 relief from his conviction and sentence for distribution of heroin resulting in death in violation of 21 U.S.C. § 841(a)(1) (prohibiting distribution of controlled substances), and (b)(1)(C) (if death or serious bodily injury results from use of substance, defendant shall be sentenced to a term of

imprisonment of not less than 20 years or more than life). In <u>Ragland v. United States</u>, 756 F.3d 597, 601-02 (8th Cir. 2014), we remanded this case to the district court "for further consideration in light of" <u>Burrage v. United States</u>, 571 U.S. ___, ___, 134 S. Ct. 881, 892 (2014) (holding that, at least where use of the drug distributed by the defendant is not independently sufficient to cause the victim's death or serious bodily injury, the defendant cannot be liable under the § 841(b)(1)(C) enhancement provision unless the victim's use of the drug is a but-for cause of the death or injury). On remand, the government conceded it could not prove but-for causation and <u>Burrage</u> applies retroactively, but argued the district court lacked authority to grant § 2255 relief because the enhanced sentence Ragland received did not exceed the maximum statutory sentence without application of the enhancement. Relying on <u>Sun Bear v. United States</u>, 644 F.3d 700, 705-06 (8th Cir. 2011) (en banc) (concluding that a collateral attack on the career-offender Guidelines enhancement based on an intervening change in the law was not cognizable under § 2255 where the sentence was within the statutory maximum), the district court concluded that Ragland's claim was not cognizable under § 2255, denied relief, and denied a COA.

In response to Ragland's COA request, the government states that after further consideration, it now takes the position that <u>Sun Bear</u> is inapposite because error under <u>Burrage</u> implicates not just a defendant's sentence, but also his conviction. We agree Ragland's claim under <u>Burrage</u> is a challenge to the validity of his conviction for distribution of heroin resulting in death, and therefore is cognizable under § 2255. See <u>Burrage</u>, 571 U.S. at ___, 134 S. Ct. at 887 (stating that causation of the victim's death is an element of the offense of distribution of heroin resulting in death). Accordingly, we grant Ragland's COA request, vacate his conviction for distribution of heroin resulting in death, and remand with instructions for the district court to enter judgment on the lesser included offense of distribution of heroin and resentence Ragland for that offense. See, e.g., <u>United States v. Burrage</u>, 747 F.3d 995, 998 (8th Cir. 2014) (directing entry of judgment and resentencing for the distribution offense

where the evidence was sufficient to support the conviction for that offense, but insufficient to support the conviction for distribution of heroin resulting in death).[1]

_____

_____

[1]We need not address the question, expressly conceded by the government, whether Ragland procedurally defaulted his <u>Burrage</u> argument by failing to raise it on direct appeal.  <u>See</u>, <u>e.g.</u>, <u>United States v. Brewer</u>, 766 F.3d 884, 887 (8th Cir. 2014).