Roger Matthew WALTERS,
Petitioner–Appellant,

v.

Manfred MAASS, Superintendent,
Respondent–Appellee.

No. 92–35226.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1993.

Filed Dec. 8, 1993.

Rehearing Granted and Opinion
Withdrawn Jan. 24, 1995.

Decided Jan. 24, 1995.

Charles Fadeley, Eugene, OR, for petitioner-appellant.

Brenda J. Peterson, Asst. Atty. Gen., Salem, OR, for respondent-appellee.

Before: TANG, POOLE, and CANBY,* Circuit Judges.

Opinion by Judge POOLE; Dissent by Judge TANG.

### ORDER

Judge Kilkenny is unable to participate further in this appeal and Judge Canby has been drawn to replace him.

Walters' petition for rehearing is granted. The majority, concurring and dissenting opinion filed December 8, 1993 are withdrawn, and the attached majority opinion and Judge Tang's dissenting opinion are filed in their place.

### OPINION

POOLE, Circuit Judge:

Roger Matthew Walters, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence for attempted rape, attempted sodomy, and attempted kidnapping of a thirteen-year old girl. We review de novo. *Norris v. Risley,* 878 F.2d 1178, 1180 (9th Cir.1989). We affirm in part and reverse in part and remand to the district court with instructions to grant the writ on the ground that insufficient evidence supports Walters' convictions for attempted rape and attempted sodomy.

### I

Walters first contends that he was denied a fair trial when the state court admitted evidence that in 1981, he approached another thirteen-year old girl with the ploy of searching for a nonexistent white German shepherd, offered her $20, and then kidnapped her, took her to his trailer, and forcibly raped and sodomized her. Walters used the same German shepherd ploy in this case to try to lure the thirteen-year old victim into his truck.[1] The state court admitted the prior bad acts evidence as proof of intent.[2]

 State prisoners are entitled to habeas relief under 28 U.S.C. § 2254 only if their detention violates the Constitution or a federal statute or treaty. 28 U.S.C. § 2241(c); *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975) (per curiam). A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 874–75, 79 L.Ed.2d 29 (1984); *Jammal v. Van de Kamp,* 926 F.2d 918, 919–20 (9th Cir.1991); *Middleton v. Cupp,* 768 F.2d 1083, 1085 (9th Cir.1985), *cert. denied,* 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986). Thus, a federal court cannot disturb on due process grounds a state court's decision to admit prior bad acts evidence unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Colley v. Sumner,* 784 F.2d 984, 990 (9th Cir.), *cert. denied,* 479 U.S. 839, 107 S.Ct. 142, 93 L.Ed.2d 84 (1986).

 The Oregon court did not err by admitting evidence of Walters' 1981 convictions. Walters' use of the German shepherd ploy in 1981 was relevant to show his intent in using the same ploy in 1987. Moreover, the prior act was not too remote in time. Although seven years elapsed between the two crimes, Walters spent almost all of that time in jail serving his sentence for the 1981 crime. The trial court reduced the danger of unfair prejudice by giving a limiting instruction that the evidence could be used only to show "motive, opportunity, intent, preparation, plan, knowl-

---

* Judge Canby was drawn to replace Judge Kilkenny after the first opinion was filed but before the granting of the petition for rehearing.

1. We accord a presumption of correctness to the state court's findings that Walters did not own a dog in 1981 or at the time of this offense. *See Mitchell v. Goldsmith,* 878 F.2d 319, 321 (9th Cir.1989). In any event, Walters does not argue that he had a dog.

2. We disagree with the state that Walters procedurally defaulted on his claim. *See Henry v. Estelle,* 33 F.3d 1037, 1040–41 (9th Cir.1994), *cert. granted and judgment reversed,* —— U.S. ——, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *Tamapua v. Shimoda,* 796 F.2d 261, 262 (9th Cir.1986).

edge, or absence of mistake or accident" and could not be used to show Walters' bad character. We have upheld the admission of similar evidence regarding a prior sexual assault under Fed.R.Evid. 404(b) when the prior act was not too remote in time and the trial court gave a similar limiting instruction. *See United States v. Sneezer*, 983 F.2d 920, 924 (9th Cir.1992) (per curiam) (prior bad acts admissible if (1) there is sufficient proof that defendant committed prior act, (2) prior act is not too remote in time, (3) prior act is similar (if admitted to show intent), (4) prior act is used to prove material element, and (5) probative value is not substantially outweighed by prejudice), *cert. denied*, —— U.S. ——, 114 S.Ct. 113, 126 L.Ed.2d 79 (1993).[3] Under these circumstances, we hold that admission of the evidence was not arbitrary or so prejudicial that it denied Walters the fair trial guaranteed by due process. *See id.; Colley*, 784 F.2d at 990.

## II

Walters contends that the evidence was insufficient to support his convictions for attempted first-degree kidnapping, attempted first-degree rape, and attempted first-degree sodomy.

■ Our standard of review for addressing the sufficiency of the evidence to support a conviction is the same on habeas review as it is on direct appeal. *See Mikes v. Borg*, 947 F.2d 353, 356 n. 5 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3055, 120 L.Ed.2d 921 (1992); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,

61 L.Ed.2d 560 (1979) (setting forth standard in a habeas proceeding). We must determine whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The reviewing court must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict. *United States v. Endicott*, 803 F.2d 506, 515 (9th Cir.1986), *cert. denied*, —— U.S. ——, 114 S.Ct. 456, 126 L.Ed.2d 388 (1993). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Lewis*, 787 F.2d 1318, 1323 (9th Cir.), *amended on denial of reh'g*, 798 F.2d 1250 (9th Cir.1986), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989). Nevertheless, "mere suspicion or speculation cannot be the basis for creation of logical inferences." *Id.*

■ Under Oregon law, conviction for attempt requires proof beyond a reasonable doubt that the defendant "intentionally engage[d] in conduct which constitutes a substantial step toward commission of the crime." Or.Rev.Stat. § 161.405(1); *State v. Walters*, 311 Or. 80, 804 P.2d 1164, 1167 *cert. denied*, 501 U.S. 1209, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991).[4]

■ To constitute a substantial step toward the commission of a crime, the defen-

---

3. Oregon Evidence Rule 404(3), which is virtually identical to Federal Rule of Evidence 404(b), provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Or.Rev.Stat. § 40.170, Rule 404(3); *cf.* Fed.R.Evid. 404(b). Oregon Evidence Rule 403, like Federal Rule of Evidence 403, provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Or. Rev.Stat. § 40.160, Rule 403; *cf.* Fed.R.Evid. 403.

4. The relevant portions of the substantive crime statutes under which Walters was convicted are as follows. First-degree kidnapping is defined as taking a victim "from one place to another" with the "intent to interfere substantially with another's personal liberty, ... without consent or legal authority," and "with ... [the] purpose[ ]" of causing physical injury. Or.Rev.Stat. §§ 163.225, 163.235. First-degree rape is defined as sexual intercourse with a person who is "subjected to forcible compulsion." *Id.* § 163.375. First-degree sodomy is defined as "deviate sexual intercourse" by forcible compulsion. *Id.* § 163.405; *see id.* § 163.305(1) (defining deviate sexual intercourse). *See Walters*, 804 P.2d at 1166 nn. 2–4.

dant's conduct must (1) "advance the criminal purpose charged, and (2) provide some verification of the existence of that purpose." *Walters,* 804 P.2d at 1167 (citation omitted); *see United States v. Scott,* 767 F.2d 1308, 1311 (9th Cir.1985); *accord United States v. Plenty Arrows,* 946 F.2d 62, 66 (8th Cir.1991) (purpose of substantial step requirement in attempt crimes is to corroborate the actor's specific intent to commit the crime). Mere preparation is insufficient to constitute a substantial step. *Walters,* 804 P.2d at 1167–68 & n. 8; *State v. Sargent,* 110 Or.App. 194, 822 P.2d 726, 728 (1991); *accord Scott,* 767 F.2d at 1311.

The difference between making preparations and taking a substantial step toward the commission of a crime is one of degree. *Scott,* 767 F.2d at 1311; *see Walters,* 804 P.2d at 1167–68 & n. 8. In evaluating whether conduct constitutes a substantial step, we have stated that although behavior need not be incompatible with innocence to be punishable as an attempt, " 'it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context[,] could conclude beyond a reasonable doubt that it was undertaken in accordance with a design' " to commit the particular crime charged. *Scott,* 767 F.2d at 1312 (quoting with approval *United States v. Manley,* 632 F.2d 978, 987–88 (2d Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981)). Moreover, a substantial step must entail "an 'overt act adapted to, approximating, and which in the ordinary and likely course of things will result in, the commission of the particular crime.' " *Id.* (quoting with approval *Manley,* 632 F.2d at 988).

Walters asserts that the evidence was insufficient to establish his intent to commit the crimes of first-degree kidnapping, rape, and sodomy and to establish that he took a substantial step toward the commission of those crimes.

■ Certainly Walters' intent is manifested by (1) evidence regarding his use of the German shepherd ruse in 1981 to kidnap, rape, and sodomize another thirteen-year old girl, (2) his persistent attempts to lure the victim into his truck using the same ruse, (3) his actions in following the victim home, (4) his strange speech patterns when he talked to the victim's mother, and (5) his statements to the police officer. *See Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.[5] In addition, Walters' attempt to entice the victim into his truck clearly advances the criminal purpose of first-degree kidnapping and strongly corroborates the existence of his purpose to commit that crime. Thus, we agree with the Oregon Supreme Court that this conduct constitutes a substantial step toward the commission of the crime of first-degree kidnapping, and we do not disturb Walters' conviction for attempted first-degree kidnapping. *See Walters,* 804 P.2d at 1167–68; *see also Scott,* 767 F.2d at 1311 (applying same standard as that of Oregon courts to determine whether substantial step has been taken).

■ The more troubling question is whether Walters' attempt to entice the victim into his truck constitutes a substantial step toward the commission of the crimes of rape and sodomy when the only evidence of intent to rape and sodomize is Walters' 1981 conviction for kidnapping, raping, and sodomizing another thirteen-year old girl. If in 1981, Walters had committed other crimes (for example, breaking the victim's arm and stealing her wallet), it would be difficult to conclude now that enticement into the truck constituted a substantial step toward the commission of those crimes. At some point, the link between the enticement and the charged crimes becomes too attenuated: we cannot say that the enticement strongly corroborates any intent to commit those crimes such that a "reasonable observer, viewing it [the enticement] in context[,] could conclude be-

---

5. In response to the officer's question as to whether he had "sexual temptations" toward the victim, Walters paused and responded, "I could have found myself in an uncomfortable position today and didn't mean to." He also told the officer that his prior conviction was for first-degree rape of an adult, that he did not have prior problems with juveniles, and that he was not "a tree jumper ... the [kind of] guy who hides behind bushes and waits for a young girl to walk down the street and jumps out of the bushes and molests them." He also told the officer that the victim was "13 going on 24" and that he thought she was "a lot older than 13."

yond a reasonable doubt that it was undertaken in accordance with a design" to commit the crimes. *See Scott,* 767 F.2d at 1312 (quotation omitted).

The only step Walters took toward the commission of the charged crimes was his attempt to entice the victim into his truck. It may be that this act to some extent corroborates Walters' intent to commit some sexual assault, but we cannot agree that it *strongly* corroborates his intent to commit those crimes. *See Scott,* 767 F.2d at 1312. Moreover, attempting to entice the victim into a truck does not, in the ordinary and likely course of events, result in the crimes of rape and sodomy. *See id.; cf. Plenty Arrows,* 946 F.2d at 66 (placing penis against victim's buttocks was not a substantial step toward the completion of the crime of anal sodomy; evidence constitutionally sufficient only for the lesser offense of abusive sexual contact); *Sullivan v. State,* 766 P.2d 51, 52–53 (Alaska App.1988) (defendant asked eight-year old if she would be his "girlfriend" and offered her money; after the girl responded, "no," he sent her a note with spaces for "yes" and "no" answers asking her to be his girlfriend, to kiss him, and to get him another girlfriend; evidence established intent but did not constitute a substantial step toward "sexual contact" with a minor).

In sum, where the only evidence of Walters' intent to commit the crimes of rape and sodomy is the 1981 crimes, we hold that Walters' attempt to entice the victim into his truck is not a substantial step toward the commission of the crimes of rape and sodomy. Accordingly, we direct that the writ be granted with regard to Walters' convictions for attempted rape and attempted sodomy on the ground of constitutional insufficiency of the evidence.

### III

■ Walters contends that the trial court's imposition of an enhanced dangerous offender sentence denied him equal protection of the laws and violated the ex post facto clause. This contention fails.[6]

■ Under Oregon's dangerous offender statute, Or.Rev.Stat § 161.725 *et seq.,* the trial court must make certain findings, including whether the defendant's conduct "seriously endanger[s] the life and safety of another." *Id.* § 161.725(2). In *State v. Mitchell,* the Oregon Court of Appeals held that section 161.725 violated the state constitutional right to a jury trial "insofar as it makes the trial court the factfinder [regarding] whether the crime seriously endangered the life or safety of another." 84 Or.App. 452, 734 P.2d 379, 382, *review denied,* 303 Or. 590, 739 P.2d 570 (1987). Accordingly, Walters' trial judge submitted the issue of whether Walters' conduct constituted "serious endangerment" to the jury.

Walters contends that the trial court denied him equal protection of the laws and violated the ex post facto clause when it "amended" the dangerous offender statute, which he asserts is a legislative function. In *Mitchell,* however, the court did not invalidate the entire dangerous offender statute; it merely held that the issue of "serious endangerment" should not be decided by the judge but instead should be submitted to the jury. 734 P.2d at 382; *see State v. Follett,* 88 Or.App. 512, 746 P.2d 236, 237 (1987) (explaining that *Mitchell* requires submission of "serious endangerment" inquiry to the factfinder, which is the jury in a jury trial and the judge in a bench trial), *review denied,* 305 Or. 273, 752 P.2d 1219 (1988). Walters' conclusory allegations do not establish an equal protection violation. Moreover, Walters was not disadvantaged by a retroactive

---

**6.** We reject the state's argument that Walters procedurally defaulted on this claim because the state did not raise this defense in the district court. *See Granberry v. Greer,* 481 U.S. 129, 134–35, 107 S.Ct. 1671, 1675–76, 95 L.Ed.2d 119 (1987) (exhaustion is essentially a defense that can be waived, although interests of comity and federalism conceivably could require exhaustion even if the state fails to raise a nonexhaustion defense); *Grooms v. Keeney,* 826 F.2d 883, 885 (9th Cir.1987) (procedural default is a defense that can be waived); *cf. McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (government bears burden of pleading defense of abuse of the writ). In addition, because Walters' claim fails on the merits, the interests of comity and judicial efficiency are better served by addressing the claim on the merits. *See Granberry,* 481 U.S. at 135, 107 S.Ct. at 1675.

application of a law passed after the date of his offense nor was his punishment greater than the law provided at the time he committed the crime. *See Collins v. Youngblood,* 497 U.S. 37, 41–43, 52, 110 S.Ct. 2715, 2718–20, 2724, 111 L.Ed.2d 30 (1990) (analyzing procedural statute that allowed state appellate courts to reform verdicts that assessed a punishment not authorized by law); *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); *cf. Dobbert v. Florida,* 432 U.S. 282, 296–97, 97 S.Ct. 2290, 2300, 53 L.Ed.2d 344 (1977) (death penalty in effect at time of offense was later held unconstitutional but provided sufficient warning of the penalty such that imposition of subsequently enacted constitutional death penalty statute did not violate ex post facto clause). Finally, any error is an error of state law, *see Mitchell,* 734 P.2d at 381–82, and does not rise to the level of a federal constitutional violation cognizable by writ of habeas corpus. *See Jammal,* 926 F.2d at 919–20.

The trial court's sentencing of Walters as a dangerous offender, however, rested on its determination that he was guilty of attempted rape and attempted sodomy. Because we have invalidated these convictions, Walters is entitled to be resentenced on the sole basis of his conviction for attempted first-degree kidnapping.

### IV

We affirm the district court's determinations concerning the admissibility of the prior bad acts evidence, the sufficiency of the evidence to support Walters' conviction for attempted first-degree kidnapping, and the constitutionality of Oregon's dangerous offender statute as applied to Walters. We reverse the district court's determination that the evidence was sufficient to support Walters' convictions for attempted first-degree rape and attempted first-degree sodomy. We remand the case to the district court and direct the court to grant the petition on the ground that insufficient evidence supports these convictions. Walters' dangerous offender sentence will be vacated, and the state court will conduct new sentencing proceedings to determine whether a dangerous offender sentence is appropriate on the sole basis of Walters' conviction for attempted first-degree kidnapping.

**AFFIRMED in part, REVERSED in part, and REMANDED with instructions.**

TANG, Senior Circuit Judge, dissenting:

I share Judge Poole's concern with this case; Oregon appears on the verge of criminalizing pure (albeit bad) thought. But in finding sufficient evidence of a "substantial step" toward rape and sodomy in Walters's efforts to have his intended victim get into his truck, the Oregon Supreme Court retains at least a vestige of the *actus reus* requirement. I therefore respectfully dissent.

The *actus reus* element of state criminal laws is generally a matter of state law. As the Supreme Court has stated:

> The doctrines of *actus reus* [and] *mens rea* ... have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of adjustment has always been thought to be the province of the States.

*Powell v. Texas,* 392 U.S. 514, 536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968). Here, Oregon has declared that "enticement" constitutes one form of the "substantial step" required for an attempt conviction under state law. *State v. Walters,* 311 Or. 80, 85–86, 804 P.2d 1164, *cert. denied,* 501 U.S. 1209, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991).

Because there is sufficient evidence to support a finding of enticement under Oregon law, we should defer to state law and uphold Walters's convictions. *See Estelle v. McGuire,* 502 U.S. 62, 67–69, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").