81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Santos ESPINOZA, Petitioner-Appellant,
v.
Ivalee HENRY, Warden, Respondent-Appellee.
 No. 95-15642.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Santos Espinoza, a California state prisoner, appeals pro se the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Espinoza contends that: (1) evidence of an illegal search should have been suppressed at trial; (2) the charging information was constructively amended and this error prejudiced Espinoza; and (3) there was insufficient evidence to support his conviction of offering to sell cocaine. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a petition for writ of habeas corpus, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 * Suppression of Search
 
 
 4
 Espinoza contends that the evidence seized by the government violated his Fourth Amendment right against unreasonable searches and seizures. This contention is unreviewable.
 
 
 5
 Here, Espinoza filed a motion to suppress evidence prior to trial. The trial court conducted a hearing and denied his motion. Because the State provided an opportunity for a full and fair hearing on this issue, Espinoza is barred from raising this claim. See Stone v. Powell, 428 U.S. 465, 481-82 (1976).
 
 II
 Adequate Notice
 
 6
 Espinoza contends that because he was found guilty of charges that were not contained in the information, it was constructively amended and he was prejudiced by this error.[1] We construe this claim to be one in which the charging information did not give Espinoza adequate notice. This contention lacks merit.
 
 
 7
 The Sixth Amendment guarantees a defendant the right to be clearly informed of the nature and cause of the charges in order to allow adequate preparation of a defense. Calderon, 59 F.3d at 1009. Adequate notice may be provided to a defendant by means other than the charging document. Id. at 1009 (citing Sheppard v. Rees, 909 F.2d 1234, 1236 n. 2 (9th Cir.1989) and Morrison v. Estelle, 981 F.2d 425, 428 (9th Cir.1992), cert. denied, 508 U.S. 2367 (1993)).
 
 
 8
 Here, Espinoza was charged by information with the sale of cocaine, possession of cocaine, the sale of marijuana, and possession of marijuana. Espinoza was convicted of offering to sell cocaine, possession of cocaine, offering to sell marijuana, and possession of marijuana. At trial, the government presented testimony from an informant that Espinoza offered two samples of cocaine and marijuana to the informant. During closing arguments, the government argued that Espinoza was guilty of offering to sell cocaine and marijuana, not the actual sale. Given these circumstances, Espinoza received adequate notice that he was going to be prosecuted for offering to sell cocaine and marijuana. See id. (defendant received adequate notice during prosecutor's opening statement, evidence produced at trial, and trial court's description of crime scene); see also Morrison, 981 F.2d at 427-28 (defendant received adequate notice during the course of trial).
 
 III
 Sufficiency of the Evidence
 
 9
 Espinoza contends that there was insufficient evidence to convict him of offering to sell cocaine. This contention lacks merit.
 
 
 10
 Sufficient evidence exists to support a conviction if viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). We must respect the jury's determination of "the credibility of witnesses, [to] resolve evidentiary conflicts, and [to] draw reasonable inferences from proven facts by assuming the jury resolved all conflicts in a manner supporting the verdict." Walter v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995)
 
 
 11
 Here, Espinoza was contacted by his "nephew" to obtain the cocaine and marijuana after negotiations between an informant and a co-defendant. The informant implicated Espinoza as the "uncle" who needed to be contacted for the drugs. Espinoza retrieved samples of cocaine and marijuana and gave them to the informant to inspect. Later, the informant gave $98,000.00 to purchase the drugs to Espinoza. Shortly after the exchange, Espinoza was arrested in control of and counting the "buy" money. Accordingly, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support Espinoza's conviction. See Jackson, 443 U.S. at 319.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even assuming that the law of constructive amendments applies here, Espinoza's additional contention that the information contained a substantive error because it charged him in the conjunctive ("and") rather than the disjunctive ("or") and rendered his trial unfair lacks merit. See United States v. Abascal, 564 F.2d 821, 832 (9th Cir.1977), cert. denied, 435 U.S. 942 and 435 U.S. 953 (1978) (government may charge in conjunctive form a statute denounced disjunctively, and evidence supporting one of the charges will support guilty verdict)