108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cyrus D.A. BRASWELL, Petitioner-Appellant,
v.
Ron EPPERSON, Acting Superintendent of Cook Inlet Pre-Trial,
Respondent-Appellee.
 No. 96-35455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 11, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cyrus D.A. Braswell appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2254, in connection with his convictions by bench trial of attempted first degree sexual assault (Alaska Stat. § 11.41.410(a)(1)), third degree assault (§ 11.41.220(a)(1)), and kidnapping (§ 11.41.300(a)(1)). The district court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction, 28 U.S.C. §§ 1291, 2253, and we affirm.
 
 
 3
 * Braswell contends that there was insufficient evidence to sustain his convictions of attempted first degree sexual assault and kidnapping. In assessing Braswell's challenge to the sufficiency of the evidence, "[w]e must determine whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995). We conclude that there was sufficient evidence to sustain both his conviction for attempted first degree sexual assault and his conviction for kidnapping.
 
 
 4
 * The elements of attempted first degree sexual assault are that a person: (1) intends (2) to engage in sexual penetration (3) with another person (4) without consent of that person, and (5) engages in conduct which constitutes a substantial step toward commission of that offense. See Alaska Stat. §§ 11.31.100(a), 11.41.410(a)(1). "In order to constitute a 'substantial step,' conduct must go beyond mere preparation." Sullivan v. State, 766 P.2d 51, 53 (Alaska App.1988); see also Maass, 45 F.3d at 1359 (noting that behavior constituting a substantial step " 'must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design' to commit the particular crime charged") (citations omitted).
 
 
 5
 C.M. testified that Braswell made unwanted sexual advances to her in the living room, including fondling her breasts; that she objected to the advances; that he then forcibly carried her to his bedroom, despite her kicking and verbal protests; that he threw her on the bed, on her back; that he fondled her breasts again; and that he straddled her, unfastening three buttons on her jeans. He stopped only after asking her if she would "yell rape" and she replied "yes." Given the substance of her testimony, which the trial court found to be credible, we conclude that a reasonable trier of fact could find that Braswell intended to engage in sexual penetration without C.M.'s consent[1] and that he took a substantial step toward committing that offense by forcibly straddling her on the bed and unbuttoning her jeans.
 
 B
 
 6
 Braswell also argues that there was insufficient evidence to support his conviction for kidnapping, which requires proof beyond a reasonable doubt that he "restrained" C.M. with intent to inflict physical harm or sexually assault her, or to place C.M. in apprehension that she, or another person, would be subjected to serious physical injury. See Alaska Stat. § 11.41.300. He contends that because, under Alam v. State, 776 P.2d 345, 349 (Alaska App.1989), the restraint required for kidnapping cannot be incidental to the commission of another offense, this count should be dismissed, as any alleged restraint of C.M. was incidental either to the sexual assault in the bedroom or the third degree assault that occurred in the living room.
 
 
 7
 However, Alam distinguishes cases where a restraint of the victim virtually coincides with an assault, or sexual assault, from those where there is "significant confinement or movement of the victim beyond that necessary to commit the sexual assault." Id. This case falls in the latter category. After moving C.M. from the living room to the bedroom, where he committed the sexual assault, he dragged her back to the living room and continued to confine her in the apartment, verbally threatening her and her friend Johneda, denying C.M.'s repeated requests to leave, and forcing her to consume alcohol to undermine her credibility, should she attempt to report the incident to the police. Such restraint was not merely incidental to other offenses committed and thus does not preclude Braswell's kidnapping conviction. There was sufficient evidence for a reasonable trier of fact to conclude that Braswell restrained C.M. with intent to injure or assault her, or to place her in apprehension of physical injury or sexual assault to her or to her friend Johneda, apart from the sexual assault in the bedroom and the third degree assault in the living room.
 
 II
 
 8
 Braswell argues that his convictions for kidnapping and third degree assault violate the Fifth Amendment's prohibition on double jeopardy. We disagree.
 
 
 9
 To determine whether Braswell's kidnapping and third degree assault convictions constitute double jeopardy, we examine "whether each provision requires proof of an additional fact which the other does not." Blockberger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932). Kidnapping requires restraint, which third degree assault does not; and third degree assault requires use of a dangerous instrument, which kidnapping does not. See Alaska Stat. §§ 11.41.220(a)(1), 11.41.300.
 
 
 10
 Braswell argues that the dangerous instrument (a belt wrapped around his fist) underlying his assault conviction was the means by which he allegedly restrained C.M. as well. However, the evidence indicates that the belt was simply one of several forms of intimidation employed by Braswell during his restraint of C.M. subsequent to the bedroom incident. Furthermore, the Supreme Court has rejected the "same conduct" double jeopardy test, focusing solely on the Blockberger distinct elements test, under which Braswell's convictions pass constitutional muster. See United States v. Dixon, 509 U.S. 688, 704 (1993).
 
 III
 
 11
 Braswell's final argument is that his counsel was ineffective because he revealed prejudicial facts to the trial judge, who was, in this case, the trier of fact. To prevail on his ineffective assistance of counsel claim, Braswell must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. See Strickland v. Washington, 466 U.S. 668, 690, 694-95 (1984). We review Braswell's ineffective assistance of counsel claim de novo. Moran v. Godinez, 57 F.3d 690, 699 (9th Cir.1994), cert. denied, 116 S.Ct. 479 (1995).
 
 
 12
 Even assuming that Braswell's counsel was deficient in revealing to the judge that the reason he had disregarded Braswell's request to call his ex-girlfriend as a witness was because of their history of domestic violence, Braswell has not demonstrated that he was prejudiced by this alleged error. C.M.'s testimony presented sufficient evidence to support Braswell's convictions. Also, Investigator Bettencourt testified that Braswell admitted physically assaulting C.M., establishing a propensity for violence apart from counsel's reference to Braswell's domestic violence history. We cannot say, given the evidence, that but for counsel's statements to the judge, there is a reasonable probability that the outcome of Braswell's trial would have been different. Absent prejudice, Braswell cannot prevail on his ineffective assistance claim.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Braswell argues that to commit attempted first degree sexual assault, he would have to be at least reckless as to C.M.'s lack of consent, and that the evidence suggests otherwise. However, we conclude that the evidence would permit a reasonable trier of fact to find, beyond a reasonable doubt, that Braswell was at least reckless with respect to C.M.'s lack of consent