111 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Verde BAILEY, Petitioner-Appellant,
v.
Kingston PRUNTY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-15532.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1997.*
Decided April 2, 1997.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Verde Bailey appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He renews his contentions that his trial and appellate counsel were ineffective. To prevail on such claims, Bailey must show that his attorneys performed deficiently and that he thereby suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). He must overcome a strong presumption that attorneys generally provide adequate representation. See McKenna v. McDaniel, 65 F.3d 1483, 1492 (9th Cir.1995), cert. denied, 116 S.Ct. 1451 (1996). Moreover, to establish prejudice Bailey must demonstrate a reasonable probability that but for his counsel's conduct, the outcome of his trial or appeal would have been different. See Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir.1995), cert. denied, 116 S.Ct. 1335 (1996). We conclude that Bailey failed to carry these burdens, and accordingly, we affirm the district court's denial of the habeas petition.
 
 1. Trial Counsel
 
 3
 Bailey first contends that his trial counsel was ineffective because she failed to present evidence that a sample of the victim's blood tested positive for cocaine. Although the record shows that the trial judge did not expressly prohibit counsel from introducing the evidence, counsel did not seek to introduce it after concluding that her defense expert could not determine when the victim may have used the drugs or whether she was under the influence of the drug at the time of attack. Whether counsel's decision was tactical or based upon a misunderstanding of the judge's ruling is not determinative. We agree with the district court that the value of the evidence to the defendant was diminished by the expert's inability to place a timeframe on the victim's use of the drug; the jury already knew of the victim's history of drug use. Thus, Bailey failed to show that he was prejudiced by his counsel's decision.
 
 
 4
 Bailey also contends that his trial counsel was ineffective in cross-examining the victim. The record clearly belies such a contention. The transcript reflects that defense counsel conducted an extensive cross-examination regarding inconsistencies between the victim's trial testimony, her testimony at the preliminary hearing, and her statements to police and defense investigators. Bailey has failed to show what else his counsel could have done. Counsel's performance was not deficient, much less prejudicial to Bailey's defense.
 
 
 5
 Finally, Bailey argues that counsel failed to investigate, interview, or effectively cross-examine a prosecution witness. The record shows, however, that defense counsel effectively conducted cross-examination by exploiting inconsistencies in the witness's testimony and by attacking her reliability based on her inability to recall details. Bailey does not offer any suggestion of what "beneficial evidence investigation ... would have turned up." Hendricks, 70 F.3d at 1042. We cannot conclude that counsel's performance was deficient or prejudicial.
 
 2. Appellate Counsel
 
 6
 Bailey contends that his appellate counsel was ineffective for not raising the claim that trial counsel's representation was deficient. We have reviewed and rejected, however, Bailey's claim that his trial counsel was ineffective. Thus, Bailey cannot show that he was prejudiced by his appellate counsel's decision. See Featherstone v. Estelle, 948 F.2d 1497, 1507 (9th Cir.1991).
 
 
 7
 Bailey further argues that his appellate counsel was ineffective for not challenging the trial court's exclusion of evidence that the victim's common law husband had previously assaulted her, and thus may have been responsible for the injuries at issue. We disagree. The trial court here clearly exercised its discretion in determining that the proffered evidence was not relevant and that its probative value was substantially outweighed by the risk of prejudice. Appellate counsel's decision not to contend that the trial court erred does not constitute deficient representation. See Miller v. Keeney, 882 F.2d 1428, 1434-35 (9th Cir.1989) (appellate counsel's decision not to raise a marginal evidentiary issue does not constitute ineffective assistance of counsel).
 
 
 8
 Finally, Bailey contends that his appellate counsel should have argued that there was insufficient evidence to support the conviction. We reject that contention. We agree with the district court that the evidence was sufficient to uphold the conviction. There was substantial direct and circumstantial evidence supporting the victim's claims. Although Bailey presented conflicting evidence, it is the province of the jury to give weight to the evidence and to decide the relative credibility of witnesses. See Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995). We conclude that the district court did not err by rejecting Bailey's habeas petition.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4. Accordingly, Bailey's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3