120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brandt SAPPENFIELD, Petitioner-Appellant,
v.
STATE of Washington; Tana Woods, Superintendent,
Respondents-Appellees.
 No. 96-35206.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brandt Sappenfield, a Washington state prisoner, appeals pro se the district court's judgment granting summary judgment to the State and dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Sappenfield contends: (1) the evidence was insufficient to convict him of second-degree murder; (2) his trial counsel was ineffective; (3) the trial court improperly precluded two witnesses from testifying and improperly admitted photographs and a videotape into evidence; and (4) his 288-month "exceptional sentence" is unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's grant of summary judgment dismissing a petition for a writ of habeas corpus, see Cela v. Stewart, 97 F.3d 1246, 1249 (9th Cir.1996), and affirm.
 
 Sufficiency of the Evidence
 
 3
 Sappenfield contends the evidence was insufficient to support his conviction because "the 'only link' between [him] and the murder" was the testimony of a former cellmate who stated that Sappenfield told him he killed the victim. This contention lacks merit.
 
 
 4
 In reviewing the sufficiency of the evidence, this court "must determine whether, considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt." See Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995). We "must respect the province of the jury to determine the credibility of witnesses ... and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." Id. " 'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.' " Id. (citation omitted).
 
 
 5
 Here, the jury knew that the former cellmate had prior felony convictions and benefitted in return for his assistance. We will not second-guess the jury's credibility determination concerning the former cellmate. See id.; cf. United States v. Earl, 27 F.3d 423, 425 (9th Cir.1994) (per curiam) (uncorroborated testimony of informant is sufficient to uphold conviction unless incredible or insubstantial). The State presented evidence that the victim was struck numerous times on the head with a blunt object, that he had sustained defensive wounds, and that he was found with his hands tied. It is reasonable to infer from this evidence that Sappenfield intentionally caused the victim's death. See Wash.Rev.Code § 9A.32.050 (1988) (stating that one who intentionally, but without premeditation, causes the death of another person is guilty of second degree murder); Walters, 45 F.3d at 1358. Accordingly, viewing the evidence in the light most favorable to the State, there was sufficient evidence to support Sappenfield's conviction because any rational trier of fact could have found beyond a reasonable doubt that he intentionally caused the victim's death. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Walters, 45 F.3d at 1358.
 
 Ineffective Assistance of Counsel
 
 6
 Sappenfield contends his counsel was ineffective because he failed to (1) contact a potential witness; (2) impeach the former cellmate; and (3) secure an expert witness. This contention is meritless.
 
 
 7
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See id. at 687-88. If it is possible to dispose of an ineffective assistance claim on the ground of lack of prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 8
 Sappenfield contends his counsel was ineffective because he did not contact and present the testimony of a power company employee who delivered a termination-of-utilities notice to the victim's apartment. Sappenfield, however, has not indicated what this witness would have said and how his testimony would have affected the outcome of his case. See Strickland, 466 U.S. at 691.
 
 
 9
 Sappenfield's assertion that his counsel did not impeach the former cellmate is belied by the record. Counsel thoroughly and vigorously cross-examined the witness, noting inconsistencies in his testimony and his prior felony convictions, and eliciting testimony that he benefitted in return for informing. See Thompson v. Calderon, 109 F.3d 1358, 1369 (9th Cir.1996), cert. denied, 1997 WL 221425 (U.S. June 2, 1997) (No. 96-8707). Accordingly, Sappenfield has not shown his counsel's performance was deficient. See Strickland 466 U.S. at 687.
 
 
 10
 Finally, Sappenfield has not shown his counsel's failure to obtain an independent expert opinion as to the time of the victim's death was ineffective or prejudicial. See id. The State's expert witness admitted that, given the unknown environmental conditions in the victim's apartment, he could not pinpoint the time of death, other than to state that it could have occurred anywhere from a few hours to a week before the discovery of the victim's body.[1] Sappenfield has not presented any evidence to the contrary. Moreover, even if another expert opined that the victim died just before his body was found, Sappenfield has not shown that the outcome of the trial would have differed. See id. at 691; Williams v. Calderon, 52 F.3d 1465, 1469-70 (9th Cir.1995).
 
 Evidentiary Rulings
 
 11
 Sappenfield contends the trial court deprived him of a fair trial by (1) erroneously precluding the victim's wife from testifying about harassing telephone calls she received following the victim's death and another witness from testifying that the victim "continually opened his home to transients"; and (2) erroneously admitting crime-scene and autopsy photographs and a videotape of the crime scene. We agree with the district court that Sappenfield failed to " 'fairly presen[t]' " these claims to the Washington Supreme Court. See Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam) (alteration in original; citation omitted); Johnson v. Zenon, 88 F.3d 828, 829-31 (9th Cir.1996).
 
 
 12
 Furthermore, it appears that these claims would now be procedurally barred. See Wash.Rev.Code §§ 10.73.090 (1996) (prohibiting collateral challenge to judgment more than one year after judgment becomes final), 10.73.140 (1996) (generally prohibiting successive collateral challenges). Additionally, Sappenfield has failed to show cause for his procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if these claims are barred. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Accordingly, federal habeas review of these claims is barred. See id.
 
 Sentence
 
 13
 Finally, Sappenfield contends his 288-month "exceptional sentence" violated his due process rights. This contention lacks merit.
 
 
 14
 " '[F]ederal habeas corpus relief does not lie for errors of state law.' " Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citation omitted). Absent fundamental unfairness, federal habeas relief is not available for a state court's misapplication of its own sentencing laws. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994). Thus, the petitioner must establish that an error of constitutional significance occurred in order to state a cognizable federal habeas claim. See McGuire, 502 U.S. at 68.
 
 
 15
 Here, the application of Washington sentencing law was not fundamentally unfair. See Christian, 41 F.3d at 469. The trial court imposed the exceptional sentence based on a finding that Sappenfield displayed "deliberate cruelty" towards the victim. Sappenfield argues that because the jury acquitted him of first degree murder, the jury necessarily found he did not act in a premeditated manner, thus precluding a finding of "deliberate cruelty." On direct appeal, the Washington Supreme Court rejected this argument. See McGuire, 502 U.S. at 67-68 (stating that it is not province of federal habeas court to reexamine state-court determination of state law). Sappenfield has not shown that any error occurred, let alone an error of constitutional magnitude. See Christian, 41 F.3d at 469. Accordingly, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sappenfield lived in the victim's home until three days before the victim's body was discovered