**Leo CUNNINGHAM, Petitioner—Appellant,**

v.

**Rosie B. GARCIA, Warden, Respondent—Appellee.**

No. 00–55679.

D.C. No. CV–99–05626–RAP(RNB).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2002.*

Decided March 27, 2002.

Before TROTT, THOMAS, and WARDLAW, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Petitioner–Appellant Leo Cunningham appeals from the district court's dismissal of his habeas petition. We affirm. Because the parties are familiar with the factual and procedural history, we will not recount it here.

I

We review a district court's decision denying habeas relief de novo. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000). Because Cunningham filed his federal habeas petition in 1999, it is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104–132, 110 Stat. 1214. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a federal court can reverse a state court's decision only if the state court decision: "(1) ... was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

II

A federal court "cannot disturb on due process grounds a state court's decision to admit prior bad acts evidence unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair." *Walters v. Maass,* 45 F.3d 1355, 1357 (9th Cir.1995).

Here, admission of the evidence in question was neither arbitrary nor unduly prejudicial because the prior bad act was rele-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

vant to the issue of intent. Cunningham's defense at trial was that he had not intended to shoot O'Bannon. The disputed evidence was relevant to controvert this theory: because in the past Cunningham had gone to an ex-girlfriend's new home and pointed a gun at her new boyfriend, it was more likely than not that in this case he was pointing the gun at O'Bannon with intent to harm her rather than firing randomly. Thus, the evidence was relevant and offered for a permissible, non-character purpose.

In addition, here the court gave limiting instructions that clearly indicated both what use of the evidence would be impermissible and what limited purpose was permissible. *See Spencer v. Texas*, 385 U.S. 554, 561, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (noting that appropriate limiting instructions prevent undue prejudicial effects).

Because the evidence was admitted for a permissible purpose and the court gave appropriate limiting instructions, Cunningham's due process rights were not violated. Because the state courts made no errors, we need not consider whether any such errors were "unreasonable." Cunningham is not entitled to habeas relief.

**AFFIRMED.**