### VENG YOU TANG, Petitioner—Appellant,

v.

### Cal A. TERHUNE, Director of CDC, Respondent—Appellee.

### No. 05–15523.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs Feb. 13, 2006.*

Filed Feb. 17, 2006.

Allen Robert Bloom, Esq., Law Office of Allen Bloom, Attorney at Law, San Diego, CA, for Petitioner—Appellant.

Robert R. Anderson, Office of the California Attorney General, Sacramento, CA, for Respondent—Appellee.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

### MEMORANDUM **

Appellant Veng You Tang appeals the district court's denial of his petition for habeas corpus. We affirm.

The appellant argues that the admission of evidence of his involvement in a prior uncharged robbery violated his due process rights. We see no error in the admission of the evidence, but even if there were, we cannot say that "the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair," *Walters v. Maass,* 45 F.3d 1355, 1357 (9th Cir.1995); thus, there was no due process violation. The evidence of the prior uncharged robbery was not central to the state's case against the appellant. The state relied principally upon the eyewitness identifications made by the robbery victim and his assistant, as well as the testimony of the appellant's accomplices. *See United States v. Labansat,* 94 F.3d 527, 531 (9th Cir.1996). Indeed, wholly aside from the prior bad act testimony, the evidence against appellant was overwhelming. Finally, the trial court's jury instructions, explaining the limited purpose for which the prior bad act evidence could be considered, mitigated any potential prejudice entailed in its introduction. *See Walters,* 45 F.3d at 1357–58.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.