Jose Saturnino VELASQUEZ,
Petitioner—Appellant,

v.

Edward S. ALAMEIDA, Jr., Director;
A.A. Lamarque, Warden,
Respondents—Appellees.

No. 05–55208.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2006.*

Filed Sept. 14, 2006.

Kyle Gee, Esq., Henrikson & Gee, Oakland, CA, for Petitioner—Appellant.

Jose Saturnino Velasquez, Blythe, CA, pro se.

David F. Glassman, Esq., Adrian N. Tigmo, DAG, Office of the California Attorney General, Los Angeles, CA, for Respondents—Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

### MEMORANDUM **

Petitioner Jose Velasquez seeks habeas relief under AEDPA, 28 U.S.C. § 2254, from his conviction of first degree murder. The facts and procedural history are known to the parties, and we do not recount them here. We review the district court's dismissal of the petition for writ of habeas corpus de novo. *Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003). To succeed on his habeas claim, Velasquez must show that the state court's decision is contrary to clearly established federal law as determined by the Supreme Court or that its decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). Velasquez has satisfied neither standard.

 First, we reject Velasquez's claim that the evidence presented at his state-court trial was insufficient to convict him. To obtain habeas relief on this ground, Velasquez must show that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt" when that evidence is viewed in the light most favorable to the prosecution. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing the record, this court must defer to the factfinder's reasonable credibility determinations. *Id.* at 319, 99 S.Ct. 2781; *Walters v. Maass,* 45 F.3d 1355, 1358 (9th Cir.1995). Here, although the evidence was circumstantial, such evidence and the inferences drawn from it are sufficient to sustain Velasquez's conviction. *See, e.g., Jones v.*

*Wood,* 207 F.3d 557, 563 (9th Cir.2000) (finding sufficient evidence for murder conviction where "evidence was almost entirely circumstantial and relatively weak"); *United States v. Jackson,* 72 F.3d 1370, 1381 (9th Cir.1995).

Second, we reject Velasquez's claim that the three references to his gang membership rendered his trial "fundamentally unfair in violation of due process." *Johnson v. Sublett,* 63 F.3d 926, 930 (9th Cir.1995). All three instances involved fleeting references by witnesses and immediately resulted in cautionary instructions by the trial judge. Velasquez has failed to show both that these statements had a prejudicial impact and that the judge's instructions failed to cure any prejudice. *See Weeks v. Angelone,* 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000) (stating that the jury is presumed to have followed court instructions); *Dubria v. Smith,* 224 F.3d 995, 1002 (9th Cir.2000) (stating that "[o]rdinarily, a cautionary instruction is presumed to have cured prejudicial impact"). As such, Velasquez has failed to demonstrate any violation of due process. Velasquez's claim that a witness's use of a Hispanic slur created the risk that he was convicted on the basis of race cannot survive AEDPA review. The state court's decision was not contrary to or an unreasonable application of clearly established law. The Supreme Court has not established any such law, and we cannot do so on habeas review. *See* 28 U.S.C. § 2254(d)(1). Accordingly, the district court's denial of Velasquez's petition is affirmed.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.