**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARLENE DUGMORE,

                Petitioner - Appellant,

   v.

MARY LATTIMORE, Warden,

                Respondent - Appellee.

No. 09-55206

D.C. No. 2:06-cv-05930-AG-RCF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 8, 2011[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

    Arlene Dugmore appeals the district court's denial of her petition for a writ

of habeas corpus, in which she claimed there was insufficient evidence to support

her state court convictions for first-degree murder and conspiracy to commit

murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. The

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

Dugmore's habeas petition, filed on September 18, 2006, is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). When a state court adjudicates a claim on the merits, AEDPA bars federal habeas corpus relief on that claim unless the last reasoned state-court adjudication was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Evidence is sufficient to support a conviction if, viewing all "the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In making this sufficiency determination, a state court of appeal "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir.

1995).  Direct evidence of guilt is not required; "circumstantial evidence can form a sufficient basis for conviction."  *United States v. Yoshida*, 303 F.3d 1145, 1151 (9th Cir. 2002).

Here, the California Court of Appeal reasonably found, viewing all the evidence in the light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find the essential elements of the charged crimes of murder and conspiracy beyond a reasonable doubt.  The prosecution presented circumstantial evidence that Dugmore: (1) had a financial motive to kill her husband because she was the beneficiary on his recently increased life insurance policies; (2) paid the man who facilitated the murder ("Arias") an undisclosed amount of money three weeks before the murder; (3) was further in debt to Arias after the killing although there was no evidence of any basis for her debt other than the murder-for-hire arrangement; (4) made several extrajudicial statements evincing a consciousness of guilt; (5) wrote "March, big money" on a note dated 7 months before the murder, coincidentally the month she ultimately received $500,000 in life insurance proceeds; (6) opposed an *America's Most Wanted* investigation into her husband's murder; and (7) assisted Arias when he called her from jail asking for money seven years after her husband's murder.

**AFFIRMED.**

3