**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CALVIN P. ROGERS,

                Petitioner - Appellant,

   v.

KATHLEEN DICKINSON, Warden,

                Respondent - Appellee.

No. 09-16152

D.C. No. 3:07-cv-04658-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted March 14, 2012[**]
Berkeley, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Calvin P. Rogers appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition challenging his conviction for robbery. Rogers contends

that insufficient evidence supported his identity as the perpetrator in one of the two

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

charged robberies ("the Milpitas robbery"). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's denial of a state prisoner's petition for habeas corpus. *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011). Because Rogers filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs his action. *Id.* We review the last reasoned state court decision, here the California Court of Appeal's decision. *Id.*

Rogers argues that eyewitness testimony suggesting he was not the Milpitas robber was so "extremely important and rare" that it "should establish a reasonable doubt for any rational fact finder." He further contends that the evidence of other robberies, which the State used to establish Rogers's identity as the Milpitas robber, was not sufficiently probative to offset that eyewitness testimony. The similarities between the robberies, he argues, were too general to support an inference of identity.

Although Rogers comments that the prior crimes evidence should not have been admitted, his challenge on appeal is to the sufficiency of the evidence, not its admission. *See McDaniel v. Brown*, 130 S. Ct. 665, 672 (2010) (per curiam) (supporting the proposition that the "purpose of a *Jackson* analysis is to determine whether the jury acted in a rational manner in returning a guilty verdict based on

2

the evidence before it, not whether improper evidence violated due process"). The California Court of Appeal held that a reasonable factfinder could have determined the witnesses were simply in error in not identifying Rogers. Given the recognized fallibility of eyewitness identifications, this conclusion is not unreasonable. *See Perry v. New Hampshire*, 132 S. Ct. 716, 720 (2012) (noting that "the reliability of relevant testimony typically falls within the province of the jury to determine"). The Court of Appeal also concluded that the eyewitness identifications of Rogers as the perpetrator of related robberies supported an inference of identity, stating "it would have required an astonishing, Ripley's-Believe-It-Or-Not series of coincidences for defendant not to have been the Milpitas robber." We agree.

The relevant inquiry in a sufficiency-of-the-evidence challenge is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A reviewing court conducting a *Jackson* analysis "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995); *see also Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004) (stating that a jury's credibility determinations are entitled to "near-total

deference").  Inferences drawn from circumstantial evidence, such as eyewitness identifications of a person as the perpetrator of similar robberies, can sustain a conviction, so long as those inferences are based on more than mere suspicion or speculation.  *See Maass*, 45 F.3d at 1358 (citation omitted).  That principle is true even if the evidence is "relatively weak."  *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

The California Court of Appeal, considering the evidence in the light most favorable to the prosecution, concluded that the trial court was not obligated to take the eyewitnesses statements at face value, particularly when elements of the testimony were implausible.  The state court's conclusion was not objectively unreasonable.

**AFFIRMED.**