145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Plao VIENGVILAI, Petitioner-Appellant,
v.
A. NEWLAND, Warden, Respondent-Appellee.
 No. 97-16037.
D.C. No. CV-96-03390-VRW.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Vaughn R. Walker, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plao Viengvilai, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for second degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of Viengvilai's petition, see James v. Borg, 24 F.3d 20, 24 (9th Cir.1994), and we affirm.
 
 
 3
 Viengvilai contends that the state trial court deprived him of a fair trial by admitting evidence that the victim was killed during a fight between rival street gangs, and that Viengvilai was affiliated with one of the gangs. This contention lacks merit.
 
 
 4
 A state court's decision to admit evidence does not violate due process unless arbitrary or so prejudicial that it renders the trial fundamentally unfair. See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir.1995). Here, the gang affiliation evidence did not render Viengvilai's trial fundamentally unfair because it was admitted to show intent and motive, see Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991) (no due process violation if jury may draw permissible inference from challenged evidence), and the trial court gave a limiting instruction, see Walters, 45 F.3d at 1357-58.
 
 
 5
 Viengvilai next contends that his conviction for second degree murder violated due process because there was insufficient evidence that Viengvilai possessed the requisite mental state. We disagree.
 
 
 6
 There was strong evidence presented at trial that Viengvilai shot the victim with express or implied malice. See Cal.Penal Code §§ 188-89 (West 1988). Witnesses testified that Viengvilai fired a gun at the victim after verbally expressing an intent to kill members of the victim's gang. Considering this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Viengvilai committed second degree murder. See Walters, 45 F.3d at 1358.
 
 
 7
 Viengvilai next contends that his attorney on direct appeal provided ineffective assistance of counsel by failing to raise the two arguments discussed above regarding admission of gang affiliation evidence and sufficiency of the evidence. This contention lacks merit.
 
 
 8
 The crime of which Viengvilai was accused clearly occurred during a fight between two rival street gangs. There was testimony that Viengvilai was affiliated with one of the gangs. Under California law, this evidence was admissible to show intent, motive or bias. See People v. Funes, 23 Cal.App.4th 1506, 28 Cal.Rptr.2d 758, 765 (Cal.Ct.App.1994). Accordingly, there is not a reasonable probability the admission of this evidence could have been successfully challenged on appeal. Similarly, the argument that Viengvilai's guilty verdict was not supported by sufficient evidence would have had no reasonable probability of success on appeal because there was strong evidence at trial that Viengvilai intentionally killed a rival gang member. See People v. Woods, 226 Cal.App.3d 1037, 277 Cal.Rptr. 269, 274-75 (Cal.Ct.App.1991). Accordingly, Viengvilia's attorney was not ineffective for failing to raise these arguments on direct appeal. See Miller v. Keeney, 882 F.2d 1428, 1433-34 (9th Cir.1989) (noting that weeding out weaker issues is widely recognized as a hallmark of effective appellate advocacy).
 
 
 9
 Finally, Viengvilai argues that the trial court's instructions to the jury on proximate and concurrent cause violated his right to a fair trial. This contention lacks merit because the jury instructions of which Viengvilai complains did not "so infect [ ] the entire trial that the resulting conviction violates due process." See Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Viengvilai's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3